FILED

AUG 29 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

NOV 0 2 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINCHUMINA NATIVES, INC., | No. 05-35708 |
| Plaintiff - Appellant, | D.C. No. CV-04-00027-JWS |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 25, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

The district court dismissed the suit brought by Minchumina Natives, Inc.

("MNI") against the Department of the Interior ("Interior") on the ground that MNI

lacked the capacity to sue because the state of Alaska had involuntarily dissolved

---

\* This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

the corporation. On appeal, MNI[1] argues that it now has the capacity to sue because (1) its corporate status was reinstated by the state after the district court issued its decision, and (2) the reinstatement was pursuant to a state statute that applies the corporation's newly reinstated status retroactively. We have taken judicial notice of a Certificate of Reinstatement and a Certificate of Amendment: Name Change, while declining to grant MNI's motion to change its name for purposes of this suit or otherwise to decide the certificates' legal effect. Because the record presented to us remains incomplete in several critical respects, we remand this case so the district court can determine the capacity question in light of the purported reinstatement. To do so, the court will need to answer at least five questions, set forth in the course of this disposition.

I.

---

[1] Carol Lee Gho, an MNI director, was listed as an appellant on the parties' briefs to this court. Gho, however, was not a named plaintiff in the proceedings before the district court, nor did she file a motion asking that she be allowed to intervene on appeal. As a result, Gho is not a proper appellant in this matter. *See United States v. City of Oakland*, 958 F.2d 300, 301-02 (9th Cir. 1992).

Shortly after Interior moved to dismiss MNI's suit, some Minchumina Natives organized as an entirely new corporation under Alaska law.[2] They named this new organization "Minchumina Natives, Inc." ("MN Inc."), a slight variation on the name that appears on the Certificate of Incorporation and the Certificate of Involuntary Dissolution issued by the state with respect to the original corporation—"Minchumina Natives Incorporated." Further, although the original corporation was organized as a for-profit entity, MN Inc. is a non-profit.

The similarity of the for-profit and non-profit entities' names has generated much confusion. Although the for-profit corporation was officially denominated as "Minchumina Natives Incorporated," over the years—and well before the non-profit entity was organized—its name was frequently abbreviated as "Minchumina Natives, Inc." by both the Ninth Circuit and the Interior Board of Land Appeals. *See Minchumina Natives, Inc. v. U.S. Dep't of the Interior*, 60 F.3d 1363 (9th Cir. 1995); *Minchumina Homeowners Ass'n v. Minchumina Natives, Inc.*, 122 I.B.L.A. 375 (1992); *Minchumina Natives, Inc. (On Judicial Remand)*, 153 I.B.L.A. 225 (2000). Appellant as well has often used the abbreviated version of its name to refer to the original for-profit corporation. For example, the complaint filed with

---

[2] We do not know precisely when this new corporation was incorporated because Appellant provided the district court with only a copy of the new corporation's Articles of Incorporation, not its Certificate of Incorporation.

3

the district court on October 6, 2004—at least two months before the non-profit was organized—used the name "Minchumina Natives, Inc." Similarly, in an affidavit filed with this court on January 25, 2005, Carol Lee Gho states that she "was one of the founding members of Minchumina Natives, Inc., in 1975" and that she "was not aware that Minchumina Natives, Inc. had been involuntarily dissolved in 1993."

The fact that the names "Minchumina Natives Incorporated" and "Minchumina Natives, Inc." have been used interchangeably raises the first two questions the district court will have to address on remand to determine the capacity question:

1. Which entity did the district court dismiss from the action below: the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc.? Or were both dismissed? Presumably, the district court dismissed the for-profit corporation, since the non-profit entity did not exist when the complaint was filed. The district court's decision, however, does discuss the non-profit entity's

inability to bring suit against Interior,[3] and in doing so, raises the possibility that the non-profit corporation was actually the one dismissed from the suit. We ask the district court to clarify this matter.

2. Which of the two entities—the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc.—was reinstated by the state in 2005? According to the Certificate of Reinstatement filed with this court, Alaska officials reinstated an entity identified as "Lake Minchumina Natives, Inc." According to the Certificate of Amendment: Name Change, also filed with this court, "Lake Minchumina Natives, Inc." was formerly known as "Minchumina Natives, Inc." – not "Minchumina Natives Incorporated." Still, there are very strong indications that the original for-profit corporation was the one reinstated. The entity number of the reinstated corporation is 15009D, the same as the number of the entity dissolved in 1993. Also, nothing in the record suggests that the non-profit corporation was ever dissolved; hence, it never would have needed reinstatement. We ask the district court to clarify this issue as well on remand.

---

[3] Aside from holding that the original for-profit corporation, Minchumina Natives Incorporated, lacked the proper corporate capacity to sue, the district court added that the newly incorporated non-profit, Minchumina Natives, Inc., could "not pursue the pending action" because that entity had never "made . . . [an] application for a land conveyance." *See Minchumina Natives, Inc. v. U.S. Dep't of the Interior*, 394 F. Supp. 2d 1145, 1149 (D. Alaska 2005).

5

## II.

Assuming that the district court finds that the original, for-profit corporation filed both the complaint and the appeal and that the original, for-profit corporation was, in fact, the entity reinstated in 2005, those conclusions will not settle the capacity dispute. Instead, the question will then arise whether the reinstatement has retroactive effect. The government maintains that the reinstatement could not have been retroactively effective because the statute providing for retroactive effect, Section 10.06.960(k) of the Alaska Corporations Code,[4] applies only to Native village corporations, while MNI is attempting to establish its status as a Native group, not a Native village, corporation. To evaluate this contention, the district court will have to consider the following two questions:

3. Was the reinstatement accomplished pursuant to Section 10.06.960(k) of the Alaska Corporations Code?

4. Was the original, for-profit corporation organized as a "Native village corporation" or a "Native group corporation"?

We note that the answers to these two questions will likely be intertwined. If the district court finds that Minchumina Natives Incorporated was originally

---

[4] The current version of Section 10.06.960(k) became effective on July 15, 2005, three months after the district court issued its decision and one week after the notice of appeal was filed.

organized as a "Native group corporation," then that finding would bolster the argument made by Interior in its supplemental brief to this court that Lake Minchumina Natives, Inc. could not have been reinstated pursuant to Section 10.06.960(k), which, on its face, is limited to "Native village corporations." On the other hand, if the district court finds that state officials did rely on Section 10.06.960(k) to reinstate Lake Minchumina Natives, Inc., then Interior's argument that MNI was not a Native village corporation for purposes of Alaska corporate law becomes weaker.

We further note that if the district court were to find that Lake Minchumina Natives, Inc. was *improperly* reinstated pursuant to Section 10.06.960(k)—for example, if the district court were to find that MNI had been incorporated as a "Native group corporation," but that the state still relied on Section 10.06.960(k) to reinstate the corporation—this might raise another issue: whether an improper reinstatement affects the question of capacity. See FED. R. CIV. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir. 1987) (holding that a district court properly followed Rule 17(b) when it applied California law to determine whether a dissolved corporation could be sued).

### III.

Finally, assuming that the district court finds that the original, for-profit corporation was reinstated pursuant to Section 10.06.960(k), the district court will need to address at least one last question:

5. What is the legal effect of this reinstatement? In other words, does the current corporate status of Lake Minchumina Natives, Inc. apply retroactively?

* * * *

We do not mean to limit the proceedings on remand to answering these five questions. Rather, the district court may find it necessary to pursue other lines of inquiry in the course of determining whether the recent reinstatement and name change documents indicate that MNI has capacity to maintain this lawsuit.

In clarifying these matters, the district court may find it necessary or appropriate to certify some or all of these questions to the Alaska Supreme Court. *See Municipality of Anchorage v. Alaska*, 393 F. Supp. 2d 958, 960, 964 (D. Alaska 2005) (certifying "undecided issues of Alaska state law" to the Alaska Supreme Court pursuant to Alaska Rule of Appellate Procedure 407); ALASKA R. APP. P. 407.

**REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 27 2006

by: Ruben Talavera
Deputy Clerk