BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
(907) 271-5452
FAX (907) 271-5827
Email: bruce.landon@usdoj.gov
Attorney for Defendant

MARK ANDREWS
Tanana Chiefs Conference
122 First Avenue Ste 600
Fairbanks AK 99701
Phone: (907) 452-8251, extension 3177
Fax: (907) 459-3953
E-mail: mark.andrews@tananachiefs.org
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MINCHUMINA NATIVES INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:04-cv-0027-CV (JWS) |

JOINT STATUS REPORT OF THE PARTIES

MNI v USDOI 4:04-cv-0027 (JWS)
Status Report                         1

Counsel for the parties have conferred and make this joint status report in response to the Order from Chambers, filed November 3, 2006 (Docket 38), in which the Court directed the parties to "file a joint report outlining what steps the parties believe need to be taken to secure the prompt disposition of this matter."

This matter is before the Court on remand from the Ninth Circuit. This Court had dismissed this action after finding that Plaintiff lacked the capacity to sue because it had been involuntarily dissolved by the State of Alaska. On appeal, Plaintiff argued that it now has the capacity to sue because (1) after the district court issued its decision Plaintiff's corporate status was reinstated by the state, and (2) the reinstatement was pursuant to a 2005 amendment to state law that applies the corporation's newly reinstated status retroactively. U.S. Court of Appeals, Memorandum, August 29, 2006 at 2. The Circuit found the record before it "incomplete in several respects" and remanded to this Court to "determine the capacity question in light of the purported reinstatement." *Id.*

The Circuit identified "at least five questions" this Court would "need to answer," (Memorandum at 2) but did not limit this Court to those five questions. *Id.* at 8. The Circuit also noted that "[i]n clarifying these matters, the district court may find it necessary, or appropriate to certify some or all of these questions to the Alaska Supreme Court." *Id.* This report sets forth the parties' position regarding the five questions and proposes a briefing schedule for the questions on which the parties differ.

**1. Which entity did the district court dismiss from the action below: the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc.? Or were both dismissed?**

The parties believe that the Court's April 2005 order (Docket 17) could be read in different ways on this issue and urge the Court to clarify that it dismissed the for-profit entity. The parties agree with the Court that there is a distinction between the for-profit entity incorporated in 1975 that filed land selections and applied for eligibility as a Native group, and the non-profit entity that applied for corporate status in December 2004. The parties suggest, however, that it is not appropriate to assume that the term "Minchumina Natives, Inc." refers exclusively to the non-profit entity; rather, the parties agree that "Minchumina Natives Incorporated" refers exclusively to the for-profit entity.

The certificate of incorporation for the for-profit entity gives the name of the corporation as "Minchumina Natives Incorporated."[1] Elsewhere, however, the term "Minchumina Natives, Inc." is used in contexts that unquestionably refer to the for-profit entity. The Interior Board of Land Appeals titled its decisions in 1992, 2000, 2004 using "Minchumina Natives, Inc.".

In the caption of the Complaint in this action, Plaintiff identified itself as "Minchumina Natives, Inc." and in the text of the Complaint used the acronym "MNI" for the same entity. The Complaint in this action was filed in October 2004 (Docket 1), and

---

1 The corporate filings and certificates relating to the for-profit corporation from 1975 to the present are available at https://myalaska.state.ak.us/business/soskb/Filings.asp?342073#..

MNI v USDOI 4:04-cv-0027 (JWS)
Status Report                                    3

thus predates the attempt in December 2004, to establish the non-profit entity. Docket 14, Exhibit B. [2]

Moreover, paragraph 9 of the Complaint identifies MNI as the entity that filed the Native group application in 1976. In their Motion to Dismiss (Docket # 8), Defendant used the term "Minchumina Natives, Inc." to refer to the Plaintiff and equated the Plaintiff with the for-profit entity that had been involuntarily dissolved in 1993. At the time Defendant filed the Motion to Dismiss, no attempt had been made to create the non-profit entity. Defendant's understanding when filing the Motion to Dismiss, was that "Minchumina Natives, Inc." was the for-profit entity that had been a party to the IBLA decision challenged in this action. The Plaintiff agrees with this understanding.

Thus, the parties recommend that the Court clarify that the Court dismissed the for-profit entity, and further clarify that the attempt to establish the non-profit entity did not alter the for-profit entity's lack of capacity to sue as of the date of the April 2005 dismissal order (Docket 17).

The parties agree that, assuming the for-profit corporation was properly reinstated, the name of the for-profit corporation has been properly changed to Lake Minchumina Natives, Inc.

The parties agree that the District Court should clarify that the non-profit is not a

---

[2] In its Order from Chambers (Docket # 17) at 5 n. 31, the Court noted that "a copy of the articles of incorporation [for the non-profit entity] has been supplied, but no certificate of incorporation has been provided." The certificate of incorporation is attached hereto as Exh. 1.

party to this case.

**2. Which of the two entities – the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc. – was reinstated by the state in 2005?**

The parties are in agreement that the certificate of reinstatement issued by the state in 2005 refers to the for-profit entity. As explained below, the parties are in disagreement whether the certificate of reinstatement was authorized by state law or effective.

**3. Was the reinstatement accomplished pursuant to A.S. § 10.06.960(k)(2005)[3] of the Alaska Corporations Code?**

The parties agree:

    a.  that the certificate of reinstatement is silent on the statutory authority for its issuance;

    b.  that the application for reinstatement does not cite A.S. § 10.06.960(k);

    c.  that there is no record indicating the state made a determination regarding the applicability of A.S. § 10.06.960(k);

    d.  that A.S. § 10.06.960(k) is the only section of the Alaska Corporations Code that would arguably authorize the reinstatement of the for-profit corporation. No other section of the Alaska Statutes would permit this result.

---

[3] The text of this statute is reproduced between the signature blocks and the certificate of service.

MNI v USDOI 4:04-cv-0027 (JWS)
Status Report                                     5

**4. Was the original, for-profit organization organized as a "Native village corporation" or a "Native group corporation"?**

The parties disagree on this issue. Defendant maintains that the for-profit organization organized as a "Native group corporation." Plaintiff maintains that the for-profit organization organized as a "Native village corporation." The significance of this issue is that the new amendment, A.S. § 10.06.960(k), authorizes reinstatement of "a corporation that is organized as a Native village corporation under the Act," referring to the Alaska Native Claims Settlement Act.

**4a. Whether an improper reinstatement affects the question of capacity.**

Defendant maintains that where an agency acts without statutory authorization in issuing a certificate of reinstatement, the certificate is ineffective to establish capacity to sue. The Plaintiff submits that (1) the term "Native village corporation" includes the Plaintiff, and (2) the decision of an executive department of the State is entitled to deference, as this department is charged with the interpretation and application of this statute.

Both parties reserve the right to offer additional arguments.

**5. What is the legal effect of the reinstatement? In other words, does the current corporate status of Lake Minchumina Natives, Inc., apply retroactively?**

The parties are in agreement that if the reinstatement was proper, it has retroactive effect in the sense that the corporation and its shareholders would have "all of the rights, privileges, liabilities, and obligations that would have applied to them if the corporation

had not been dissolved," and that the "corporate and shareholder actions taken during the period of dissolution" would be "considered to be as valid as if dissolution had not occurred." AS 10.06.960(k).  However, the parties disagree whether such retroactivity means that this Court's dismissal should be reversed.  Plaintiff believes it does, Defendant believes that it does not.

**Proposed schedule**.  In order to resolve the issues on which the parties differ, they propose to file simultaneous briefs on February 28, 2007, setting forth their respective views on the disputed issues.  They would file simultaneous responsive briefs on March 21, 2007.  The need for an evidentiary hearing is an unresolved question at this point.

RESPECTFULLY SUBMITTED this 15th day of December, 2006, at Anchorage, Alaska.

S/ Bruce M. Landon
BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
(907) 271-5452
FAX (907) 271-5827
Email: bruce.landon@usdoj.gov
Attorney for Defendant


/s/ Mark Andrews
Tanana Chiefs Conference
122 First Avenue  Ste 600
Fairbanks AK  99701
Phone: (907) 452-8251, extension 3177
Fax: (907) 459-3953

E-mail: mark.andrews@tananachiefs.org
Attorney for Plaintiff

Alaska Statutes 10.06.960(k) (2005)

(k) Notwithstanding (i) of this section and AS 10.06.633(e), a corporation that is organized as a Native village corporation under the Act, that has been involuntarily dissolved by the commissioner under AS 10.06.633, and that has failed to apply for reinstatement during the period established under AS 10.06.633(e) may be reinstated under AS 10.06.633(e) on or before December 31, 2006. The reinstated corporation and its shareholders have all of the rights, privileges, liabilities, and obligations that would have applied to them if the corporation had not been dissolved, and all corporate and shareholder actions taken during the period of dissolution are considered to be as valid as if dissolution had not occurred. If a corporation elects to reinstate under this subsection and if the corporation's previously used corporate name is no longer available for use by the corporation, then, notwithstanding AS 10.06.502 -- 10.06.510, an amendment to the articles of incorporation changing the previously used corporate name may be adopted by action of the corporation's board of directors alone.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2006, a copy of the foregoing JOINT STATUS REPORT OF THE PARTIES was served electronically to the following counsel of record:

Mark Andrews

s/ Bruce M. Landon
BRUCE M. LANDON