Mark Andrews
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Ste 600
Fairbanks AK  99701
Phone: (907) 452-8251, extension 3177
Fax: (907) 459-3953
E-mail: mark.andrews@tananachiefs.org
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

MINCHUMINA NATIVES INC.

                        Plaintiff,

          v.                                 Case No.  4:04-cv-00027-CV (JWS)

UNITED STATES DEPARTMENT
OF THE INTERIOR,

                         Defendant

_____/

### REPLY BRIEF OF MINCHUMINA NATIVES, INC.

      Plaintiff Minchumina Natives, Inc., submits this reply.  Plaintiff avoids repeating the arguments in its Opening [Document 47] in cases where its opening argument adequately addresses the Department's position.  Plaintiff also relies on the agreed positions of the Status Report.  [Document 42].

Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Individual questions presented

1.  Which entity did the district court dismiss from the action below:
the for-profit Minchumina Natives Incorporated or the
non-profit Minchumina Natives, Inc.?  Or were both dismissed? . . . . . . . . 6

2.  Which of the two entities was reinstated by the state in 2005? . . . . . . . . 6

3.  Was the reinstatement accomplished pursuant to A.S.10.06.960(k)?. . .  7

4.  Was the original, for-profit organization organized as a
"Native village corporation" or a "Native group corporation"? . . . . . . . . . .7

4a.  Whether an improper reinstatement affects the question of capacity. . .  7

5.  What is the legal effect of the reinstatement?  In other words,
does the current corporate status of Lake Minchumina Natives, Inc.,
apply retroactively? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . 12

6.  There is no need to certify a question to the Alaska Supreme Court . . . .17

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

Appendix A: Text of Statutes  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Appendix B. List of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Table of Authorities

Cases

Federal

*Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150
(3rd Cir. 1986), *cert. denied,* 481 U.S. 1070 (1987) . . . . . . . . . . . . . . . . . 15

*Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n,*
 997 F.2d 581 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . 9

*R.V. McGinnis Theatres & Pay T.V. Inc. v. Video Independent
Theatres,* 386 F.2d 592 (10th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Finnell*, 185 U.S. 236 (1902) . . . . . . . . . . . . . . . . . . . 9, 10

State

*Beavers v. Recreation Association of Lake Shore Estates, Inc.,*
130 S.W.3d 702 (Mo. Ct. App, 2004) . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Baltazor v. Walden,* 459 So.2d 711 (La. App. 4 Cir., 1984),
*writ den.,* 462 So.2d 649 (La. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Gerik-Jones, Inc. v. Timberline Industries, Inc.,* 840 P.2d 999
(Alaska 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 13, 14, 16

Statutes

Federal

43 U.S.C. §1602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pub.L. 100-241, §3(5), 101 Stat. 1789 (February 3, 1988). . . . . . . . . . . . 6


State

AS 01.10.090 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

AS 10.06.010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

AS 10.06.950 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

AS 10.06.960 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 11, 12, 15, 17

AS 38.06.275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ch 47, SLA 1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rules

Alaska Rules of Civil Procedure 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Alaska Rules of Appellate Procedure 407 . . . . . . . . . . . . . . . . . . . . . . . . 16

Summary of Argument

Plaintiff believes that almost all of the Department's arguments are adequately addressed by its opening brief. [Document 47]

Plaintiff adds one point here. Additional authority shows that the Alaska Supreme Court would recognize the retroactive restoration of the corporate capacity to sue, even after dismissal. *Gerik-Jones, Inc. v. Timberline Industries, Inc.,* 840 P.2d 999 (Alaska 1992).

Statement of Facts

The Department of the Interior disregards the relevant legislative history of the Alaska Native Claims Settlement Act. In 1975, it was, as a matter of law, impossible for the Plaintiff to have incorporated as anything but a Village Corporation. The term "Village Corporation" is central to this set of arguments, because this is the category made eligible for reinstatement.

It is true that the <u>current</u> version of ANCSA includes the term "Native Group Corporation," and that the same term appears in the Alaska Statutes. However, "Native Group Corporation" did not appear in ANCSA until 13 years after Plaintiff incorporated. [Exh 3.], 43 U.S.C. §1602(n), added by

Pub.L. 100-241, §3(5), 101 Stat. 1789.  Congress did not require the existing

ANCSA corporations to reorganize under State law.  Nor did the State of

Alaska or the Department of the Interior require such a reorganization.

The Alaska Statutes contain the term "Native Group Corporation"

exactly once.  AS 38.05.275(b)(2).  This statute deals solely with mining

claims.  The Alaska State Legislature did not add this subsection to the statute

until 1994.  Sec 1, ch 47, SLA 1994, adding new subsection (b)(2) to AS

38.05.275.  Even today, the Alaska Corporations Code does not contain the

term "Native Group Corporation."  Alaska Statutes 10.06.

**1.  Which entity did the district court dismiss from the action below: the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc.?  Or were both dismissed?**

Plaintiff relies upon its opening brief.  The original plaintiff was the for-profit corporation, and its capacity was the subject of the motion to dismiss.

**2.  Which of the two entities – the for-profit Minchumina Natives Incorporated or the non-profit Minchumina Natives, Inc. – was reinstated by the state in 2005?**

The parties agree that the certificate of reinstatement issued by the State

in 2005 refers to the for profit entity.  [Document 42 at 5, Document 44 at 11]

**3. Was the reinstatement accomplished pursuant to A.S. § 10.06.960(k)?**

As stated earlier [Document 42 at 5], the parties agreed on the statements below. The Department's argument does not alter this position [Doc 44 at 11]:

    a. the certificate of reinstatement is silent on the statutory authority for its issuance;

    b. the application for reinstatement does not cite AS 10.06.960(k);

    c. there is no record indicating the state made a determination regarding the applicability of AS § 10.06.960(k);

    d. Section 10.06.960(k) is the only section of the Alaska Corporations Code that would authorize the reinstatement of the for-profit corporation. No other section of the Alaska Statutes would permit this result. [Document 44 at 11]

**4. Was the original, for-profit organization organized as a "Native village corporation" or a "Native group corporation"?**

Plaintiff relies upon its opening argument. Plaintiff was, and remains, a Village Corporation.

**4a. Whether an improper reinstatement affects the question of capacity.**

The Commissioner of Commerce, Community, and Economic Development has the statutory authority to administer the Alaska Corporations Code. AS 10.06.950. There is no evidence that the Commissioner acted unreasonably when reinstating the Plaintiff Corporation.

The Department offers several cases to the effect that the reinstatement was improper.  [Document 44 at 11]  These cases are unhelpful here, and are readily distinguishable.

1.  *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n,* 997 F.2d 581 (9th Cir. 1993).  The result in *Hillis* depended on federal bankruptcy law and the application of the automatic stay.  In *Hillis* the debtor automobile dealership was involuntarily dissolved by the state after the date of bankruptcy.  997 F.2d at 583.  The state corporations division later allowed reinstatement; the agency agreed with the debtor that the automatic stay prohibited the state from dissolving the debtor.  997 F.2d at 583-84.

The defendant corporation moved to dismiss based on its own lack of capacity.  The district court agreed.  997 F.2d at 584.  After a detailed comparison of state corporation law and federal bankruptcy law, the Court of Appeals held that the automatic stay applied to the state action to dissolve the debtor.  The dissolution was void *ab initio*.  997 F.2d at 994.  This specialized opinion is unhelpful here.

2. *R.V. McGinnis Theatres & Pay T.V. Inc. v. Video Independent Theatres,* 386 F.2d 592 (10th Cir. 1967).  In *McGinnis* state law did not allow for reinstatement after passage of one year following suspension of the corporate charter.  386 F.2d at 593-95.  A reinstatement after the close of this time period was held ineffective.  In the instant case Plaintiff acted to reinstate itself within the time period permitted by AS 10.06.960(k).

In *R.V.McGinnis,* the Tenth Circuit refused to follow the decision of the state agency, but in doing so it applied a rule consistent with that of the Ninth Circuit.  *McGinnis* held that the federal court need not follow a state interpretation of a statute when that interpretation is "obviously wrong."  386 F.2d at 595, *citing United States v. Finnell*, 185 U.S. 236, 244 (1902).  The Ninth Circuit rule is that the state interpretation is followed so long as it is reasonable.  *Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003).  There is no evidence that the Alaska Division of Corporations, Business, and Professional Licensing acted unreasonably. It should also be noted that in *Finnell*, the United States Supreme Court held that if "there simply be doubt about the

soundness of that [statutory] construction," the agency's interpretation should be "respected, and not overruled except for cogent reasons." 185 U.S. at 244.

In *McGinnis*, the federal court could disregard the state agency because the time period for reinstatement was certain, and it was easy to do the arithmetic. The instant case involves the interpretation of the meaning of the statute, a function which is within the discretion of the Alaska Department of Commerce, Community and Economic Development.

3. *Beavers v. Recreation Association of Lake Shore Estates, Inc.,* 130 S.W.3d 702 (Mo. Ct. App, 2004). In *Beavers,* the statute allowed reinstatement for up to ten years. The corporation was reinstated by the state agency ten years and three months after its dissolution. 130 S.W.2d at 707. The state court ruled that a decision outside this time period was outside the authority of the state agency. The court upheld the dissolution and the consequent lack of corporate capacity to sue.

Here, there was a statutory deadline, but the Plaintiff acted before then. Dissolved village corporations could be reinstated by December 31, 2006. AS 10.06.960(k). Plaintiff was reinstated in November 2005. [Exh 18]

Missouri followed the same rule as Alaska, to the effect that statutes are not retroactive unless retroactivity is stated expressly or necessarily implied. 130 S.W.2d at 709; *compare to* AS 01.10.090. In the instant case, the statute is retroactive by its express terms. AS 10.05.960(k).

The Missouri court refused to uphold the state decision to reinstate the corporation because a state executive officer receives his or her authority from statute, and the statute was limited to a ten-year period. 130 S.W.2d at 710-711. In the instant case, the authority conferred by Alaska statute allowed reinstatement for another thirteen months past the date when Plaintiff's reinstatement actually occurred. The Alaska division of corporations acted reasonably, and within the authority granted by its statute.

4. *Baltazor v. Walden,* 459 So.2d 711 (La. App. 4 Cir., 1984), *writ den.,* 462 So.2d 649 (La. 1985). In *Baltazor*, the corporation was reinstated after the one year period permitted by statute. However, the appeals court found no authority that actually prohibited reinstatements after that period closed, and trial testimony had indicated that delayed reinstatements were common. 459 So.2d at 713. In the instant case, there was no delayed reinstatement. Plaintiff

obtained reinstatement within the time period provided by AS 10.06.960(k).

*Baltazor* and *Beavers* do not touch the general rule described in Plaintiff's opening brief: When the corporation obtains reinstatement timely within the conditions set by local statute, courts liberally uphold the corporate capacity to sue. [Document 47 at 26-33] The Missouri and Louisiana cases dealt with the situation where the corporation tried to file its papers late. The Plaintiff before the court did not do so.

This record shows no reason to conclude that the Division of Corporations, Business and Professional Licensing acted unreasonably.

**5. What is the legal effect of the reinstatement? In other words, does the current corporate status of Lake Minchumina Natives, Inc., apply retroactively?**

The Plaintiff calls the Court's attention to *Gerik-Jones, Inc. v. Timberline Industries, Inc.,* 840 P.2d 999 (Alaska 1992). *Gerik-Jones* is directly on point. In Alaska, corporate reinstatement restores the ability of the corporation to be sued, even after dismissal. If Alaska law allows a reinstated corporation to be sued retroactively, then Alaska law restores the capacity to sue retroactively, also.

In *Gerik-Jones*, a plaintiff sued a corporation which had been involuntarily dissolved some years earlier.  840 P.2d at 999.  The substance of the complaint is not described beyond "a damage action."  *Id*.  The defendant corporation moved to dismiss the complaint based on its own involuntary dissolution.  The trial court agreed, and dismissed.

After the dismissal, Alaska reinstated the corporation.  *Id*.  The plaintiff returned to court and wanted its complaint revived, based on the newly restored capacity of the defendant corporation.  The trial court disagreed.  840 P.2d at 1000.

The Alaska Supreme Court reversed.  "When [defendant] Timberland was 'reinstated' by the department's order in September 1990, the reason for the dismissal of [plaintiff] Gerik-Jones' damage action-- lack of capacity-- ceased to exist."  *Id*.  The court also held, "When ruling on Gerik-Jones' motion for relief from judgment, the court was not entitled to ignore the fact that, by then, Timberline's capacity to be sued had been fully restored."  *Id*.

The next step is to apply *Gerik-Jones* to the Alaska Statutes.  The phrase to "sue and be sued" appears in one subsection of the Alaska Corporations

Code.  AS 10.06.010(2).  *Gerik-Jones* held that after reinstatement, the capacity to "be sued" can revive a complaint that was previously dismissed. Under a common-sense interpretation of the phrase "sue and be sued", both capacities are restored retroactively.  "Sue and be sued" is sufficiently clear that there must be some clear indication of a legislative intent to deny retroactivity to the capacity "to sue", when Alaska case law grants retroactivity to the capacity to "be sued".  But no such intent appears on the face of the statute.

Reinstatement restores both capacities, and the restoration relates back to the time of the complaint.

The Department argues that *Gerik-Jones* stands for the principle that in Alaska, post-reinstatement relief must come in the form of a motion under Civil Rule 60(b).  [Document 44 at 13]  It is true that the *Gerik-Jones* plaintiff used Rule 60(b) as a vehicle, but the opinion does not hold that the rule constitutes the only vehicle.  In the case now before the court, the new legal remedies, and the new facts, arose for the first time during an appeal.  Plaintiff Corporation used an appropriate vehicle, a motion to supplement the record,

before the Ninth Circuit, in order to bring the new facts to the attention of the court.  [Exh. 23]  The Court of Appeals later directed that certain questions be briefed and argued before the District Court; the remand order does not make reference to Rule 60(b).[1]

The Department argues that the retroactivity of AS 10.06.960(k) does not mean that the dismissal should be reversed .  [Document 44 at 13].  The Department cites *Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150 (3rd Cir. 1986), *cert. denied,* 481 U.S. 1070 (1987).  In *Fassett* a certain deposition was not on the record at the time when the court rendered its final decision.  After the final decision, district court augmented the appellate record with the deposition transcript. The Third Circuit ruled that the Federal Rules of Appellate Procedure did not permit the trial court's action.  807 F.2d at 1165.

In the case now before the court, the remedy available to the Plaintiff corporation did not exist as a matter of law until after the final trial court decision, judgment, and date for appeal.  During the appeal, Appellant/Plaintiff

---

[1]  A Rule 60(b) motion by the Plaintiff here would be superfluous, given the instructions of the Court of Appeals.

moved to supplement the record.  In response, the Court of Appeals noticed the documents submitted to the court.  [Exh 23].

Minchumina Natives, Inc., has been reinstated under the laws of the State of Alaska, and this reinstatement retroactively restored the appellant's capacity to sue.

## 6.  There is no need to certify a question to the Alaska Supreme Court.

Plaintiff agrees that there is no need to certify a question presented here to the Alaska Supreme Court.  [Document 44 at 13]  When the cause of action presents a state law issue which may determine the outcome, a federal District Court may certify a question "as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court of this state."  Alaska Rules of Appellate Procedure 407(a).

In the case now before the court, the combination of decisions of the Alaska Supreme Court, notably the *Gerik-Jones* opinion, give sufficiently clear guidance to the federal courts as to how the Alaska Supreme Court would apply state corporations law.

Conclusion

Plaintiff Lake Minchumina Natives, Inc., asks that the District Court find that the reinstatement certificate issued by the Alaska Division of Corporations, Business, and Professional Licensing retroactively restored the Plaintiff's capacity to sue and be sued under Alaska Statutes 10.06.960(k).

Respectfully submitted this 30th day of March, 2007.

/s/ Mark Andrews
Tanana Chiefs Conference

Certificate of Service.
I certify that on this 30th day of March, 2007, a copy of the foregoing was served by ECF transfer to Bruce Landon, Esq.
/s/ Mark Andrews

Appendix A

Text of Statutes

<u>Federal</u>
43 U.S.C. §1602
For purposes of this chapter, the term—
….

(c) "Native village" means any tribe, band, clan, group, village, community or association in Alaska listed in sections 1610 and 1615 of this title, or which meets the requirements of this chapter, and which the secretary determines was, on the date of the 1970 census enumeration date (as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance), composed of twenty-five or more Natives;

(d) "Native group" means any tribe, band, clan, group, village, community, or village association of Natives in Alaska composed of less than twenty-five Natives, which comprise a majority of the residents of the locality;
….

(j) "Village Corporation" means an Alaska Native Corporation organized under the laws of the State of Alaska as a business for profit or nonprofit corporation to hold, invest, manage and/or distribute lands, property, funds, and other rights and assets for an on behalf of a Native village in accordance with the terms of this chapter. [fn indicates this subsection should probably end in a semicolon)
…
(m) "Native Corporation" means any Regional Corporation, any Village Corporation, any Urban Corporation, and any Native Group. [statute as it read to 1988.  Pub.L. 100-241, §3(4) substituted "Group Corporation" for the former "Native Group." New section is immediately below.].

(m) "Native Corporation" means any Regional Corporation, any Village Corporation, and Urban Corporation, and any Group Corporation; [subsection as it read after 1988 amendments]

(n) "Group Corporation" means any Alaska Native Group Corporation organized under the laws of the State of Alaska as a business for profit or nonprofit corporation to hold, invest, manage and/or distribute lands , property, funds, and other rights and assets for and on behalf of members of a Native group in accordance with the terms of this chapter;

State
Alaska Statutes 01.10.090
No statute is retrospective unless expressly declared therein.

Alaska Statutes 10.06.010
Subject to the limitations in its articles of incorporation, the provisions of this chapter and other applicable law, a corporation has all the powers of a natural person in carrying out its business activities, including, without limitation, the power to
....
(2) sue and be sued in its corporate name
....

Alaska Statutes 10.06.950
Powers of commissioner.
The commissioner has the power and authority reasonably necessary to enable the commissioner to administer this chapter and to perform the duties imposed upon the commissioner by this chapter.

Alaska Statutes 10.06.960.
Corporations organized under Alaska Native Claims Settlement Act.
....
(k) Notwithstanding (i) of this section and AS 10.06.633 (e), a corporation that is organized as a Native village corporation under the act, that

has been involuntarily dissolved by the commissioner under AS 10.06.633, and that has failed to apply for reinstatement during the period established under AS 10.06.633 (e) may be reinstated under AS 10.06.633(e) on or before December 31, 2006. The reinstated corporation and its shareholders have all of the rights, privileges, liabilities, and obligations that would have applied to them if the corporation had not been dissolved, and all corporate and shareholder actions taken during the period of dissolution are considered to be as valid as if dissolution had not occurred. If a corporation elects to reinstate under this subsection and if the corporation's previously used corporate name is no longer available for use by the corporation, then, notwithstanding AS 10.06.502 - 10.06.510, an amendment to the articles of incorporation changing the previously used corporate name may be adopted by action of the corporation's board of directors alone.

> **Effect of amendments**:  The first 2005 amendment, effective June 25, 2005, updated a federal reference in subsections (a) and (n)—(p) and substituted "Act" for "act" throughout the section.

> The second 2005 amendment, effective July 15, 2005, substituted "December 31, 2006" for "December 31, 2003" in the first sentence in subsection (k).

Alaska Statutes 38.05.275. Recognition of locations

….

(b) In this section, "selected state land"

….

(2) does not include land described in (1) of the subsection for which a regional corporation organized under 43 U.S.C 1606(a), as amended, a village corporation organized under 43 U.S.C. 1607(a), as amended, a Native group corporation that qualifies for a land conveyance under 43 U.S.C. 1613(h)(2), as amended, or a Native urban corporation that qualifies for a land conveyance under 43 U.S.C. 1613(h)(3), as amended, has filed a valid selection application with the United States under 43 U.S.C. 1601 – 1641, as amended, if the selection of the corporation or group has not been rejected or relinquished.

Appendix B.
List of Exhibits

Exhibit 23.  Order, United States Court of Appeals for the Ninth Circuit, filed
        July 6, 2006.  Regarding Plaintiff/Appellant's motion to supplement the
        record.