H. R. 10367—11

Dillingham, Bristol Bay.
Dot Lake, Tanana.
Eagle, Upper Yukon-Porcupine.
Eek, Southwest Coastal Lowland.
Egegik, Bristol Bay.
Eklutna, Cook Inlet.
Ekuk, Bristol Bay.
Ekwok, Bristol Bay.
Elim, Bering Strait.
Emmonak, Southwest Coastal Lowland.
English Bay, Cook Inlet.
False Pass, Aleutian.
Fort Yukon, Upper Yukon-Porcupine.
Gakona, Copper River.
Galena, Koyukuk-Lower Yukon.
Gambell, Bering Sea.
Georgetown, Upper Kuskokwim.
Golovin, Bering Strait.
Goodnews Bay, Southwest Coastal Lowland.
Grayling, Koyukuk-Lower Yukon.
Gulkana, Copper River.
Hamilton, Southwest Coastal Lowland.
Holy Cross, Koyukuk-Lower Yukon.
Hooper Bay, Southwest Coastal Lowland.
Hughes, Koyukuk-Lower Yukon.
Huslia, Koyukuk-Lower Yukon.
Igiugig, Bristol Bay.
Iliamna, Cook Inlet.
Inalik, Bering Strait.
Ivanof Bay, Aleutian.
Kaguyak, Kodiak.
Kaktovik, Arctic Slope.
Kalskag, Southwest Coastal Lowland.
Kaltag, Koyukuk-Lower Yukon.
Karluk, Kodiak.
Kasigluk, Southwest Coastal Lowland.
Kiana, Bering Strait.
King Cove, Aleutian.
Kipnuk, Southeast Coastal Lowland.
Kivalina, Bering Strait.
Kobuk, Bering Strait.
Kokhanok, Bristol Bay.
Koliganek, Bristol Bay.
Kongiganak, Southwest Coastal Lowland.
Kotlik, Southwest Coastal Lowland.
Kotzebue, Bering Strait.
Koyuk, Bering Strait.
Koyukuk, Koyukuk-Lower Yukon.
Kwethluk, Southwest Coastal Lowland.
Kwigillingok, Southwest Coastal Lowland.
Larsen Bay, Kodiak.
Levelock, Bristol Bay.
Lime Village, Upper Kuskokwim.
Lower Kalskag, Southwest Coastal Lowland.
McGrath, Upper Kuskokwim.
Makok, Koyukuk-Lower Yukon.
Manley Hot Springs, Tanana.
Manokotak, Bristol Bay.
Marshall, Southwest Coastal Lowland.

EXHIBIT 11
Page 11 of 29

H. R. 10367—12

Mary's Igloo, Bering Strait.
Medfra, Upper Kuskokwim.
Mekoryuk, Southwest Coastal Lowland.
Mentasta Lake, Copper River.
Minchumina Lake, Upper Kuskokwim.
Minto, Tanana.
Mountain Village, Southwest Coastal Lowland.
Nabesna Village, Tanana.
Naknek, Bristol Bay.
Napaimute, Upper Kuskokwim.
Napakiak, Southwest Coastal Lowland.
Napaskiak, Southwest Coastal Lowland.
Nelson Lagoon, Aleutian.
Nenana, Tanana.
Newhalen, Cook Inlet.
New Stuyahok, Bristol Bay.
Newtok, Southwest Coastal Lowland.
Nightmute, Southwest Coastal Lowland.
Nikolai, Upper Kuskokwim.
Nikolski, Aleutian.
Ninilchik, Cook Inlet.
Noatak, Bering Strait.
Nome, Bering Strait.
Nondalton, Cook Inlet.
Nooiksut, Arctic Slope.
Noorvik, Bering Strait.
Northeast Cape, Bering Sea.
Northway, Tanana.
Nulato, Koyukuk-Lower Yukon.
Nunapitchuk, Southwest Coastal Lowland.
Ohogamiut, Southwest Coastal Lowland.
Old Harbor, Kodiak.
Oscarville, Southwest Coastal Lowland.
Ouzinkie, Kodiak.
Paradise, Koyukuk-Lower Yukon.
Pauloff Harbor, Aleutian.
Pedro Bay, Cook Inlet.
Perryville, Kodiak.
Pilot Point, Bristol Bay.
Pilot Station, Southwest Coastal Lowland.
Pitkas Point, Southwest Coastal Lowland.
Platinum, Southwest Coastal Lowland.
Point Hope, Arctic Slope.
Point Lay, Arctic Slope.
Portage Creek (Ohgsenakale), Bristol Bay.
Port Graham, Cook Inlet.
Port Heiden (Meshick), Aleutian.
Port Lions, Kodiak.
Quinhagak, Southwest Coastal Lowland.
Rampart, Upper Yukon-Porcupine.
Red Devil, Upper Kuskokwim.
Ruby, Koyukuk-Lower Yukon.
Russian Mission or Chauthalue (Kuskokwim), Upper Kuskokwim.
Russian Mission (Yukon), Southwest Coastal Lowland.
St. George, Aleutian.
St. Mary's, Southwest Coastal Lowland.
St. Michael, Bering Strait.
St. Paul, Aleutian.

EXHIBIT 11
Page 12 of 29

H. R. 10367—13

    Salamatof, Cook Inlet.
    Sand Point, Aleutian.
    Savonoski, Bristol Bay.
    Savoonga, Bering Sea.
    Scammon Bay, Southwest Coastal Lowland.
    Selawik, Bering Strait.
    Seldovia, Cook Inlet.
    Shageluk, Koyukuk-Lower Yukon.
    Shaktoolik, Bering Strait.
    Sheldon's Point, Southwest Coastal Lowland.
    Shishmaref, Bering Strait.
    Shungnak, Bering Strait.
    Slana, Copper River.
    Sleetmute, Upper Kuskokwim.
    South Naknek, Bristol Bay.
    Squaw Harbor, Aleutian.
    Stebbins, Bering Strait.
    Stevens Village, Upper Yukon-Porcupine.
    Stony River, Upper Kuskokwim.
    Takotna, Upper Kuskokwim.
    Tanacross, Tanana.
    Tanana, Koyukuk-Lower Yukon.
    Tatilek, Chugach.
    Tazlina, Copper River.
    Telida, Upper Kuskokwim.
    Teller, Bering Strait.
    Tetlin, Tanana.
    Togiak, Bristol Bay.
    Toksook Bay, Southwest Coastal Lowland.
    Tulusak, Southwest Coastal Lowland.
    Tuntutuliak, Southwest Coastal Lowland.
    Tununak, Southwest Coastal Lowland.
    Twin Hills, Bristol Bay.
    Tyonek, Cook Inlet.
    Ugashik, Bristol Bay.
    Unalakleet, Bering Strait.
    Unalaska, Aleutian.
    Unga, Aleutian.
    Uyak, Kodiak.
    Venetie, Upper Yukon-Porcupine.
    Wainwright, Arctic Slope.
    Wales, Bering Strait.
    White Mountain, Bering Strait.

  (2) Within two and one-half years from the date of enactment of this Act, the Secretary shall review all of the villages listed in subsection (b) (1) hereof, and a village shall not be eligible for land benefits under subsections 14 (a) and (b), and any withdrawal for such village shall expire, if the Secretary determines that—

    (A) less than twenty-five Natives were residents of the village on the 1970 census enumeration date as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance; or,

    (B) the village is of a modern and urban character, and the majority of the residents are non-Native.

Any Native group made ineligible by this subsection shall be considered under subsection 14(h).

  (3) Native villages not listed in subsection (b)(1) hereof shall be eligible for land and benefits under this Act and lands shall be withdrawn pursuant to this section if the Secretary within two and one-

EXHIBIT 11
Page 13 of 29

H. R. 10367—14

half years from the date of enactment of this Act, determines that—
  (A) twenty-five or more Natives were residents of an established village on the 1970 census enumeration date as shown by the census or other evidence satisfactory to the Secretary, who shall make findings of fact in each instance; and
  (B) the village is not of a modern and urban character, and a majority of the residents are Natives.

NATIVE LAND SELECTIONS

43 USC § 1611

Sec. 12. (a)(1) During a period of three years from the date of enactment of this Act, the Village Corporation for each Native village identified pursuant to section 11 shall select, in accordance with rules established by the Secretary, all of the township or townships in which any part of the village is located, plus an area that will make the total selection equal to the acreage to which the village is entitled under section 14. The selection shall be made from lands withdrawn by subsection 11(a): *Provided*, That no Village Corporation may select more than 69,120 acres from lands withdrawn by subsection 11(a)(2), and not more than 69,120 acres from the National Wildlife Refuge System, and not more than 69,120 acres in a National Forest: *Provided further*, That when a Village Corporation selects the surface estate to lands within the National Wildlife Refuge System or Naval Petroleum Reserve Numbered 4, the Regional Corporation for that region may select the subsurface estate in an equal acreage from other lands withdrawn by subsection 11(a) within the region, if possible.
  (2) Selections made under this subsection (a) shall be contiguous and in reasonably compact tracts, except as separated by bodies of water or by lands which are unavailable for selection, and shall be in whole sections and, wherever feasible, in units of not less than 1,280 acres.
  (b) The difference between twenty-two million acres and the total acreage selected by Village Corporations pursuant to subsection (a) shall be allocated by the Secretary among the eleven Regional Corporations (which excludes the Regional Corporation for southeastern Alaska) on the basis of the number of Natives enrolled in each region. Each Regional Corporation shall reallocate such acreage among the Native villages within the region on an equitable basis after considering historic use, subsistence needs, and population. The action of the Secretary or the Corporation shall not be subject to judicial review. Each Village Corporation shall select the acreage allocated to it from the lands withdrawn by subsection 11(a).
  (c) The difference between thirty-eight million acres and the 22 million acres selected by Village Corporations pursuant to subsections (a) and (b) shall be allocated among the eleven Regional Corporations (which excludes the Regional Corporation for southeastern Alaska) as follows:
  (1) The number of acres each Regional Corporation is entitled to receive shall be computed (A) by determining on the basis of available data the percentage of all land in Alaska (excluding the southeastern region) that is within each of the eleven regions, (B) by applying that percentage to thirty-eight million acres reduced by the acreage in the southeastern region that is to be selected pursuant to section 16, and (C) by deducting from the figure so computed the number of acres within that region selected pursuant to subsections (a) and (b).
  (2) In the event that the total number of acres selected within a region pursuant to subsections (a) and (b) exceeds the percentage of the reduced thirty-eight million acres allotted to that region pursuant

EXHIBIT 11
Page 14 of 29

H. R. 10367—15

to subsection (c)(1)(B), that region shall not be entitled to receive any lands under this subsection (c). For each region so affected the difference between the acreage calculated pursuant to subsection (c)(1)(B) and the acreage selected pursuant to subsections (a) and (b) shall be deducted from the acreage calculated under subsection (c)(1)(C) for the remaining regions which will select lands under this subsection (c). The reductions shall be apportioned among the remaining regions so that each region's share of the total reduction bears the same proportion to the total reduction as the total land area in that region (as calculated pursuant to subsection (c)(1)(A) bears to the total land area in all of the regions whose allotments are to be reduced pursuant to this paragraph.

(3) Before the end of the fourth year after the date of enactment of this Act, each Regional Corporation shall select the acreage allocated to it from the lands within the region withdrawn pursuant to subsection 11(a)(1), and from the lands within the region withdrawn pursuant to subsection 11(a)(3) to the extent lands withdrawn pursuant to subsection 11(a)(1) are not sufficient to satisfy its allocation: *Provided*, That within the lands withdrawn by subsection 11(a)(1) the Regional Corporation may select only even numbered townships in even numbered ranges, and only odd numbered townships in odd numbered ranges.

(d) To insure that the Village Corporation for the Native village at Dutch Harbor, if found eligible for land grants under this Act, has a full opportunity to select lands within and near the village, no federally owned lands, whether improved or not, shall be disposed of pursuant to the Federal surplus property disposal laws for a period of two years from the date of enactment of this Act. The Village Corporation may select such lands and improvements and receive patent to them pursuant to subsection 14(a) of this Act.

(e) Any dispute over the land selection rights and the boundaries of Village Corporations shall be resolved by a board of arbitrators consisting of one person selected by each of the Village Corporations involved, and an additional one or two persons, whichever is needed to make an odd number of arbitrators, such additional person or persons to be selected by the arbitrators selected by the Village Corporations.

SURVEYS

43 USC § 1612    SEC. 13. (a) The Secretary shall survey the areas selected or designated for conveyance to Village Corporations pursuant to the provisions of this Act. He shall monument only exterior boundaries of the selected or designated areas at angle points and at intervals of approximately two miles on straight lines. No ground survey or monumentation will be required along meanderable water boundaries. He shall survey within the areas selected or designated land occupied as a primary place of residence, as a primary place of business, and for other purposes, and any other land to be patented under this Act.

(b) All withdrawals, selections, and conveyances pursuant to this Act shall be as shown on current plats of survey or protraction diagrams of the Bureau of Land Management, or protraction diagrams of the Bureau of the State where protraction diagrams of the Bureau of Land Management are not available, and shall conform as nearly as practicable to the United States Land Survey System.

CONVEYANCE OF LANDS

43 USC § 1613    SEC. 14. (a) Immediately after selection by a Village Corporation for a Native village listed in section 11 which the Secretary

EXHIBIT 11
Page 15 of 29

H. R. 10367—16

finds is qualified for land benefits under this Act, the Secretary shall issue to the Village Corporation a patent to the surface estate in the number of acres shown in the following table:

| If the village had on the 1970 census enumeration date a Native population between— | It shall be entitled to a patent to an area of public lands equal to— |
|---|---|
| 25 and 99 | 69,120 acres. |
| 100 and 199 | 92,160 acres. |
| 200 and 399 | 115,200 acres. |
| 400 and 599 | 138,240 acres. |
| 600 or more | 161,280 acres. |

The lands patented shall be those selected by the Village Corporation pursuant to subsection 12(a). In addition, the Secretary shall issue to the Village Corporation a patent to the surface estate in the lands selected pursuant to subsection 12(b).

(b) Immediately after selection by any Village Corporation for a Native village listed in section 16 which the Secretary finds is qualified for land benefits under this Act, the Secretary shall issue to the Village Corporation a patent to the surface estate to 23,040 acres. The lands patented shall be the lands within the township or townships that enclose the Native village, and any additional lands selected by the Village Corporation from the surrounding townships withdrawn for the Native village by subsection 16(a).

(c) Each patent issued pursuant to subsections (a) and (b) shall be subject to the requirements of this subsection. Upon receipt of a patent or patents:

(1) the Village Corporation shall first convey to any Native or non-Native occupant, without consideration, title to the surface estate in the tract occupied as a primary place of residence, or as a primary place of business, or as a subsistence campsite, or as headquarters for reindeer husbandry;

(2) the Village Corporation shall then convey to the occupant, either without consideration or upon payment of an amount not in excess of fair market value, determined as of the date of initial occupancy and without regard to any improvements thereon, title to the surface estate in any tract occupied by a nonprofit organization;

(3) the Village Corporation shall then convey to any Municipal Corporation in the Native village or to the State in trust for any Municipal Corporation established in the Native village in the future, title to the remaining surface estate of the improved land on which the Native village is located and as much additional land as is necessary for community expansion, and appropriate rights-of-way for public use, and other foreseeable community needs: *Provided*, That the amount of lands to be transferred to the Municipal Corporation or in trust shall be no less than 1,280 acres;

(4) the Village Corporation shall convey to the Federal Government, State or to the appropriate Municipal Corporation, title to the surface estate for existing airport sites, airway beacons, and other navigation aids, together with such additional acreage and/or easements as are necessary to provide related services and to insure safe approaches to airport runways; and

(5) for a period of ten years after the date of enactment of this Act, the Regional Corporation shall be afforded the opportunity to review and render advice to the Village Corporations on all land sales, leases or other transactions prior to any final commitment.

EXHIBIT 11
Page 16 of 29

H. R. 10367—17

(d) the Secretary may apply the rule of approximation with respect to the acreage limitations contained in this section.

(e) Immediately after selection by a Regional Corporation, the Secretary shall convey to the Regional Corporation title to the surface and/or the subsurface estates, as is appropriate, in the lands selected.

(f) When the Secretary issues a patent to a Village Corporation for the surface estate in lands pursuant to subsections (a) and (b), he shall issue to the Regional Corporation for the region in which the lands are located a patent to the subsurface estate in such lands, except lands located in the National Wildlife Refuge System and lands withdrawn or reserved for national defense purposes, including Naval Petroleum Reserve Numbered 4, for which in lieu rights are provided for in subsection 12(a)(1): *Provided*, That the right to explore, develop, or remove minerals from the subsurface estate in the lands within the boundaries of any Native village shall be subject to the consent of the Village Corporation.

(g) All conveyances made pursuant to this Act shall be subject to valid existing rights. Where, prior to patent of any land or minerals under this Act, a lease, contract, permit, right-of-way, or easement (including a lease issued under section 6(g) of the Alaska Statehood Act) has been issued for the surface or minerals covered under such patent, the patent shall contain provisions making it subject to the lease, contract, permit, right-of-way, or easement, and the right of the lessee, contractee, permittee, or grantee to the complete enjoyment of all rights, privileges, and benefits thereby granted to him. Upon issuance of the patent, the patentee shall succeed and become entitled to any and all interests of the State or the United States as lessor, contractor, permitter, or grantor, in any such leases, contracts, permits, rights-of-way, or easements covering the estate patented, and a lease issued under section 6(g) of the Alaska Statehood Act shall be treated for all purposes as though the patent had been issued to the State. The administration of such lease, contract, permit, right-of-way, or easement shall continue to be by the State or the United States, unless the agency responsible for administration waives administration. In the event that the patent does not cover all of the land embraced within any such lease, contract, permit, right-of-way, or easement, the patentee shall only be entitled to the proportionate amount of the revenues reserved under such lease, contract, permit, right-of-way, or easement by the State or the United States which results from multiplying the total of such revenues by a fraction in which the numerator is the acreage of such lease, contract, permit, right-of-way, or easement which is included in the patent and the denominator is the total acreage contained in such lease, contract, permit, right-of-way, or easement.

(h) The Secretary is authorized to withdraw and convey 2 million acres of unreserved and unappropriated public lands located outside the areas withdrawn by sections 11 and 16, and follows:

(1) The Secretary may withdraw and convey to the appropriate Regional Corporation fee title to existing cemetery sites and historical places;

(2) The Secretary may withdraw and convey to a Native group that does not qualify as a Native village, if it incorporates under the laws of Alaska, title to the surface estate in not more than 23,040 acres surrounding the Native group's locality. The subsurface estate in such land shall be conveyed to the appropriate Regional Corporation;

(3) The Secretary may withdraw and convey to the Natives residing in Sitka, Kenai, Juneau, and Kodiak, if they incorporate under the laws of Alaska, the surface estate of lands of a similar

EXHIBIT 11
Page 17 of 29

H. R. 10367—18

character in not more than 23,040 acres of land, which shall be located in reasonable proximity to the municipalities. The subsurface estate in such lands shall be conveyed to the appropriate Regional Corporation unless the lands are located in a Wildlife Refuge;

(4) The Secretary shall withdraw only such lands surrounding the villages and municipalities as are necessary to permit the conveyance authorized by paragraphs (2) and (3) to be planned and effected;

(5) The Secretary may convey to a Native, upon application within two years from the date of enactment of this Act, the surface estate in not to exceed 160 acres of land occupied by the Native as a primary place of residence on August 31, 1971. Determination of occupancy shall be made by the Secretary, whose decision shall be final. The subsurface estate in such lands shall be conveyed to the appropriate Regional Corporations;

(6) The Secretary shall charge against the 2 million acres authorized to be conveyed by this section all allotments approved pursuant to section 18 during the four years following the date of enactment of this Act;

(7) The Secretary may withdraw and convey lands out of the National Wildlife Refuge System and out of the National Forests, for the purposes set forth in subsections (h) (1), (2), (3), and (5); and

(8) Any portion of the 2 million acres not conveyed by this subsection shall be allocated and conveyed to the Regional Corporations on the basis of population.

TIMBER SALE CONTRACTS

43 USC § 1614

SEC. 15. Notwithstanding the provisions of existing National Forest timber sale contracts that are directly affected by conveyances authorized by this Act, the Secretary of Agriculture is authorized to modify any such contract, with the consent of the purchaser, by substituting, to the extent practicable, timber on other national forest lands approximately equal in volume, species, grade, and accessibility for timber standing on any land affected by such conveyances, and, on request of the appropriate Village Corporation the Secretary of Agriculture is directed to make such substitution to the extent it is permitted by the timber sale contract without the consent of the purchaser.

THE TLINGIT-HAIDA SETTLEMENT

43 USC § 1615

SEC. 16. (a) All public lands in each township that encloses all or any part of a Native village listed below, and in each township that is contiguous to or corners on such township, except lands withdrawn or reserved for national defense purposes, are hereby withdrawn, subject to valid existing rights, from all forms of appropriation under the public land laws, including the mining and mineral leasing laws, and from selection under the Alaska Statehood Act, as amended:

Angoon, Southeast.
Craig, Southeast.
Hoonah, Southeast.
Hydaburg, Southeast.
Kake, Southeast.
Kasaan, Southeast.
Klawock, Southeast.
Klukwan, Southeast.
Saxman, Southeast.
Yakutat, Southeast.

EXHIBIT 11
Page 18 of 29

H. R. 10367—19

(b) During a period of three years from the date of enactment of this Act, each Village Corporation for the villages listed in subsection (a) shall select, in accordance with rules established by the Secretary, an area equal to 23,040 acres, which must include the township or townships in which all or part of the Native village is located, plus, to the extent necessary, withdrawn lands from the townships that are contiguous to or corner on such township. All selections shall be contiguous and in reasonably compact tracts, except as separated by bodies of water, and shall conform as nearly as practicable to the United States Lands Survey System.

(c) The funds appropriated by the Act of July 9, 1968 (82 Stat. 307), to pay the judgment of the Court of Claims in the case of The Tlingit and Haida Indians of Alaska, et al. against The United States, numbered 47,900, and distributed to the Tlingit and Haida Indians pursuant to the Act of July 13, 1970 (84 Stat. 431), are in lieu of the additional acreage to be conveyed to qualified villages listed in section 11.

### JOINT FEDERAL-STATE LAND USE PLANNING COMMISSION FOR ALASKA

43 USC § 1616

SEC. 17. (a) (1) There is hereby established the Joint Federal-State Land Use Planning Commission for Alaska. The Planning Commission shall be composed of ten members as follows:

(A) The Governor of the State (or his designate) and four members who shall be appointed by the Governor. During the Planning Commission's existence at least one member appointed by the Governor shall be a Native as defined by this Act.

(B) One member appointed by the President of the United States with the advice and consent of the Senate, and four members who shall be appointed by the Secretary of the Interior.

(2) The Governor of the State and the member appointed by the President pursuant to subsection (a) (1) (B), shall serve as cochairmen of the Planning Commission. The initial meeting of the Commission shall be called by the cochairmen. All decisions of the Commission shall require the concurrence of the cochairmen.

(3) Six members of the Planning Commission shall constitute a quorum. Members shall serve at the pleasure of the appointing authority. A vacancy in the membership of the Commission shall not affect its powers, but shall be filled in the same manner in which the original appointment was made.

(4) (A) Except to the extent otherwise provided in subparagraph (B) of this subsection, members of the Planning Commission shall receive compensation at the rate of $100 per day for each day they are engaged in the performance of their duties as members of the Commission. All members of the Commission shall be entitled to reimbursement for travel, subsistence, and other necessary expenses incurred by them in the performance of their duties as members of the Commission.

(B) Any member of the Planning Commission who is designated or appointed from the Government of the United States or from the Government of the State shall serve without compensation in addition to that received in his regular employment. The member of the Commission appointed by the President pursuant to subsection (a) (1) (B) shall be compensated as provided by the President at a rate not in excess of that provided for level V of the Executive Schedule in title 5, United States Code.

(5) Subject to such rules and regulations as may be adopted by the Planning Commission, the cochairmen, without regard to the provisions of title 5, United States Code, governing appointments in the

EXHIBIT 11
Page 19 of 29

H. R. 10367—20

competitive service, and without regard to the provisions of chapter 51 and subchapter III of chapter 53 of such title relating to classification and General Schedule pay rates, shall have the power—
    (A) to appoint and fix the compensation of such staff personnel as they deem necessary, and
    (B) to procure temporary and intermittent services to the same extent as is authorized by section 3109 of title 5, United States Code, but at rates not to exceed $100 a day for individuals.
  (6)(A) The Planning Commission or, on the authorization of the Commission, any subcommittee or member thereof, may, for the purpose of carrying out the provisions of this section, hold such hearings, take such testimony, receive such evidence, print or otherwise reproduce and distribute so much of its proceedings and reports thereon, and sit and act at such times and places as the Commission, subcommittee, or member deems advisable.
  (B) Each department, agency, and instrumentality of the executive branch of the Federal Government, including independent agencies, is authorized and directed to furnish to the Commission, upon request made by a cochairman, such information as the Commission deems necessary to carry out its functions under this section.
  (7) The Planning Commission shall—
    (A) undertake a process of land-use planning, including the identification of and the making of recommendations concerning areas planned and best suited for permanent reservation in Federal ownership as parks, game refuges, and other public uses, areas of Federal and State lands to be made available for disposal, and uses to be made of lands remaining in Federal and State ownership;
    (B) make recommendations with respect to proposed land selections by the State under the Alaska Statehood Act and by Village and Regional Corporations under this Act;
    (C) be available to advise upon and assist in the development and review of land-use plans for lands selected by the Native Village and Regional Corporations under this Act and by the State under the Alaska Statehood Act;
    (D) review existing withdrawals of Federal public lands and recommend to the President of the United States such additions to or modifications of withdrawals as are deemed desirable;
    (E) establish procedures, including public hearings, for obtaining public views on the land-use planning programs of the State and Federal Governments for lands under their administration;
    (F) establish a committee of land-use advisers to the Commission, made up of representatives of commercial and industrial land users in Alaska, recreational land users, wilderness users, environmental groups, Alaska Natives, and other citizens;
    (G) make recommendations to the President of the United States and the Governor of Alaska as to programs and budgets of the Federal and State agencies responsible for the administration of Federal and State lands;
    (H) make recommendations from time to time to the President of the United States, Congress, and the Governor and legislature of the State as to changes in laws, policies, and programs that the Planning Commission determines are necessary or desirable;
    (I) make recommendations to insure that economic growth and development is orderly, planned and compatible with State and national environmental objectives, the public interest in the public lands, parks, forests, and wildlife refuges in Alaska, and the economic and social well-being of the Native people and other residents of Alaska;

EXHIBIT 11
Page 20 of 29

H. R. 10367—21

(J) make recommendations to improve coordination and consultation between the State and Federal Governments in making resource allocation and land use decisions; and

(K) make recommendations on ways to avoid conflict between the State and the Native people in the selection of public lands.

(8)(A) On or before January 31 of each year, the Planning Commission shall submit to the President of the United States, the Congress, and the Governor and legislature of the State a written report with respect to its activities during the preceding calendar year.

(B) The Planning Commission shall keep and maintain accurate and complete records of its activities and transactions in carrying out its duties under this Act, and such records shall be available for public inspection.

(C) The principal office of the Planning Commission shall be located in the State.

(9)(A) The United States shall be responsible for paying for any fiscal year only 50 per centum of the costs of carrying out subsections (a) and (b) for such fiscal year.

(B) For the purpose of meeting the responsibility of the United States in carrying out the provisions of this section, there is authorized to be appropriated $1,500,000 for the fiscal year ending June 30, 1972, and for each succeeding fiscal year.

(10) On or before May 30, 1976, the Planning Commission shall submit its final report to the President of the United States, the Congress, and the Governor and Legislature of the State with respect to its planning and other activities under this Act, together with its recommendations for programs or other actions which it determines should be taken or carried out by the United States and the State. The Commission shall cease to exist effective December 31, 1976.

(b)(1) The Planning Commission shall identify public easements across lands selected by Village Corporations and the Regional Corporations and at periodic points along the courses of major waterways which are reasonably necessary to guarantee international treaty obligations, a full right of public use and access for recreation, hunting, transportation, utilities, docks, and such other public uses as the Planning Commission determines to be important.

(2) In identifying public easements the Planning Commission shall consult with appropriate State and Federal agencies, shall review proposed transportation plans, and shall receive and review statements and recommendations from interested organizations and individuals on the need for and proposed location of public easements: *Provided*, That any valid existing right recognized by this Act shall continue to have whatever right of access as is now provided for under existing law and this subsection shall not operate in any way to diminish or limit such right of access.

(3) Prior to granting any patent under this Act to the Village Corporation and Regional Corporations, the Secretary shall consult with the State and the Planning Commission and shall reserve such public easements as he determines are necessary.

(c) In the event that the Secretary withdraws a utility and transportation corridor across public lands in Alaska pursuant to his existing authority, the State, the Village Corporations and the Regional Corporations shall not be permitted to select lands from the area withdrawn.

(d)(1) Public Land Order Numbered 4582, 34 Federal Register 1025, as amended, is hereby revoked. For a period of ninety days after the date of enactment of this Act all unreserved public lands in Alaska are hereby withdrawn from all forms of appropriation under the public land laws, including the mining (except locations for metalliferous

EXHIBIT 11
Page 21 of 29