H. R. 10367—22

minerals) and the mineral leasing laws. During this period of time the Secretary shall review the public lands in Alaska and determine whether any portion of these lands should be withdrawn under authority provided for in existing law to insure that the public interest in these lands is properly protected. Any further withdrawal shall require an affirmative act by the Secretary under his existing authority, and the Secretary is authorized to classify or reclassify any lands so withdrawn and to open such lands to appropriation under the public land laws in accord with his classifications. Withdrawals pursuant to this paragraph shall not affect the authority of the Village Corporations, the Regional Corporations, and the State to make selections and obtain patents within the areas withdrawn pursuant to section 11.

(2) (A) The Secretary, acting under authority provided for in existing law, is directed to withdraw from all forms of appropriation under the public land laws, including the mining and mineral leasing laws, and from selection under the Alaska Statehood Act, and from selection by Regional Corporations pursuant to section 11, up to, but not to exceed, eighty million acres of unreserved public lands in the State of Alaska, including previously classified lands, which the Secretary deems are suitable for addition to or creation as units of the National Park, Forest, Wildlife Refuge, and Wild and Scenic Rivers Systems: *Provided*, That such withdrawals shall not affect the authority of the State and the Regional and Village Corporations to make selections and obtain patents within the areas withdrawn pursuant to section 11.

(B) Lands withdrawn pursuant to paragraph (A) hereof must be withdrawn within nine months of the date of enactment of this Act. All unreserved public lands not withdrawn under paragraph (A) of subsection 17(d)(1) shall be available for selection by the State and for appropriation under the public land laws.

(C) Every six months, for a period of two years from the date of enactment of this Act, the Secretary shall advise the Congress of the location, size and values of lands withdrawn pursuant to paragraph (A) and submit his recommendations with respect to such lands. Any lands withdrawn pursuant to paragraph (A) not recommended for addition to or creation as units of the National Park, Forest, Wildlife Refuge, and Wild and Scenic Rivers Systems at the end of the two years shall be available for selection by the State and the Regional Corporations, and for appropriation under the public land laws.

(D) Areas recommended by the Secretary pursuant to paragraph (C) shall remain withdrawn from any appropriation under the public land laws until such time as the Congress acts on the Secretary's recommendations, but not to exceed five years from the recommendation dates. The withdrawal of areas not so recommended shall terminate at the end of the two year period.

(E) Notwithstanding any other provision of this subsection, initial identification of lands desired to be selected by the State pursuant to the Alaska Statehood Act and by the Regional Corporations pursuant to section 12 of this Act may be made within any area withdrawn pursuant to this subsection (d), but such lands shall not be tentatively approved or patented so long as the withdrawals of such areas remain in effect: *Provided*, That selection of lands by Village Corporations pursuant to section 12 of this Act shall not be affected by such withdrawals and such lands selected may be patented and such rights granted as authorized by this Act. In the event Congress enacts legislation setting aside any areas withdrawn under the provisions of this subsection which the Regional Corporations or the State desired to select, then other unreserved public lands shall be made available for alternative selection by the Regional Corporations and the State. Any

EXHIBIT 11
Page 22 of 29

H. R. 10367—23

time periods established by law for Regional Corporations or State selections are hereby extended to the extent that delays are caused by compliance with the provisions of this subsection (2).

(3) Any lands withdrawn under this section shall be subject to administration by the Secretary under applicable laws and regulations, and his authority to make contracts and to grant leases, permits, rights-of-way, or easements shall not be impaired by the withdrawal.

### REVOCATION OF INDIAN ALLOTMENT AUTHORITY IN ALASKA

43 USC § 1617

SEC. 18. (a) No Native covered by the provisions of this Act, and no descendant of his, may hereafter avail himself of an allotment under the provisions of the Act of February 8, 1887 (24 Stat. 389), as amended and supplemented, or the Act of June 25, 1910 (36 Stat. 363). Further, the Act of May 17, 1906 (34 Stat. 197), as amended, is hereby repealed. Notwithstanding the foregoing provisions of this section, any application for an allotment that is pending before the Department of the Interior on the date of enactment of this Act may, at the option of the Native applicant, be approved and a patent issued in accordance with said 1887, 1910, or 1906 Act, as the case may be, in which event the Native shall not be eligible for a patent under subsection 14(h)(5) of this Act.

(b) Any allotments approved pursuant to this section during the four years following enactment of this Act shall be charged against the two million acre grant provided for in subsection 14(h).

### REVOCATION OF RESERVATIONS

43 USC § 1618

SEC. 19. (a) Notwithstanding any other provision of law, and except where inconsistent with the provisions of this Act, the various reserves set aside by legislation or by Executive or Secretarial Order for Native use or for administration of Native affairs, including those created under the Act of May 31, 1938 (52 Stat. 593), are hereby revoked subject to any valid existing rights of non-Natives. This section shall not apply to the Annette Island Reserve established by the Act of March 3, 1891 (26 Stat. 1101) and no person enrolled in the Metlakatla Indian community of the Annette Island Reserve shall be eligible for benefits under this Act.

(b) Notwithstanding any other provision of law or of this Act, any Village Corporation or Corporations may elect within two years to acquire title to the surface and subsurface estates in any reserve set aside for the use or benefit of its stockholders or members prior to the date of enactment of this Act. If two or more villages are located on such reserve the election must be made by all of the members or stockholders of the Village Corporations concerned. In such event, the Secretary shall convey the land to the Village Corporation or Corporations, subject to valid existing rights as provided in subsection 14(g), and the Village Corporation shall not be eligible for any other land selections under this Act or to any distribution of Regional Corporation funds pursuant to section 7, and the enrolled residents of the Village Corporation shall not be eligible to receive Regional Corporation stock.

### ATTORNEY AND CONSULTANT FEES

43 USC § 1619

SEC. 20. (a) The Secretary of the Treasury shall hold in the Alaska Native Fund, from the appropriation made pursuant to section 6 for the second fiscal year, moneys sufficient to make the payments authorized by this section.

EXHIBIT 11
Page 23 of 29

H. R. 10367—24

(b) A claim for attorney and consultant fees and out-of-pocket expenses may be submitted to the Chief Commissioner of the United States Court of Claims for services rendered before the date of enactment of this Act to any Native tribe, band, group, village, or association in connection with:

(1) the preparation of this Act and previously proposed Federal legislation to settle Native claims based on aboriginal title, and

(2) the actual prosecution pursuant to an authorized contract or a cause of action based upon a claim pending before any Federal or State Court or the Indians Claims Commission that is dismissed pursuant to this Act.

(c) A claim under this section must be filed with the clerk of the Court of Claims within one year from the date of enactment of this Act, and shall be in such form and contain such information as the Chief Commissioner shall prescribe. Claims not so filed shall be forever barred.

(d) The Chief Commissioner or his delegate is authorized to receive, determine, and settle such claims in accordance with the following rules:

(1) No claim shall be allowed if the claimant has otherwise been reimbursed.

(2) The amount allowed for services shall be based on the nature of the service rendered, the time and labor required, the need for providing the service, whether the service was intended to be a voluntary public service or compensable, the existence of a bona fide attorney-client relationship with an identified client, and the relationship of the service rendered to the enactment of proposed legislation. The amount allowed shall not be controlled by any hourly charge customarily charged by the claimant.

(3) The amount allowed for out-of-pocket expenses shall not include office overhead, and shall be limited to expenses that were necessary, reasonable, unreimbursed and actually incurred.

(4) The amounts allowed for services rendered shall not exceed in the aggregate $2,000,000, of which not more than $100,000 shall be available for the payment of consultants' fees. If the approved claims exceed the aggregate amounts allowable, the Chief Commissioner shall authorize payment of the claims on a pro rata basis.

(5) Upon the filing of a claim, the clerk of the Court of Claims shall forward a copy of such claims to the individuals or entities on whose behalf services were rendered or fees and expenses were allegedly incurred, as shown by the pleadings, to the Attorney General of the United States, to the Attorney General of the State of Alaska, to the Secretary of the Interior, and to any other person who appears to have an interest in the claim, and shall give such persons ninety days within which to file an answer contesting the claim.

(6) The Chief Commissioner may designate a trial commissioner for any claim made under this section and a panel of three commissioners of the court to serve as a reviewing body. One member of the review panel shall be designated as presiding commissioner of the panel.

(7) Proceedings in all claims shall be pursuant to rules and orders prescribed for the purpose by the Chief Commissioner who is hereby authorized and directed to require the application of the pertinent rules of practice of the Court of Claims insofar as feasible. Claimants may appear before a trial commissioner in person or by attorney, and may produce evidence and examine witnesses. In the discretion of the Chief Commissioner or his designate, hearings may be held in the localities where the claimants reside if convenience so demands.

EXHIBIT 11
Page 24 of 29

H. R. 10367—25

(8) Each trial commissioner and each review authority to do and perform any acts which may be r for the efficient performance of their duties, and sh of subpena, the power to order audit of books a power to administer oaths and affirmations. Any by the rules of practice of the Court of Claims, e be imposed on any claimant, witness, or attorney sioner, review panel, or Chief Commissioner. No tions, rulings, findings, or conclusions authorized by this be subject to judicial review.

(9) The findings and conclusions of the trial commissioner shall be submitted by him, together with the record in the case, to the review panel of commissioners for review by it pursuant to such rules as may be provided for the purpose, which shall include provision for submitting the decision of the trial commissioner to the claimant and any party contesting the claim for consideration, exception, and argument before the panel. The panel, by majority vote, shall adopt or modify the findings or the conclusions of the trial commissioner.

(10) The Court of Claims is hereby authorized and directed, under such conditions as it may prescribe, to provide the facilities and services of the office of the clerk of the court for the filing, processing, hearing, and dispatch of claims made pursuant to this section and to include within its annual appropriations the costs thereof and other costs of administration, including (but without limitation to the items herein listed) the salaries and traveling expenses of its auditors and the commissioners serving as trial commissioners and panel members, mailing and service of process, necessary physical facilities, equipment, and supplies, and personnel (including secretaries, reporters, auditors, and law clerks).

(e) The Chief Commissioner shall certify to the Secretary of the Treasury, and report to the Congress, the amount of each claim allowed and the name and address of the claimant. The Secretary of the Treasury shall pay to such person from the Alaska Native Fund the amounts certified. No award under this section shall bear interest.

(f) (1) No remuneration on account of any services or expenses for which a claim is made or could be made pursuant to this section shall be received by any person for such services and expenses in addition to the amount paid in accordance with this section, and any contract or agreement to the contrary shall be void.

(2) Any person who receives, and any corporation or association official who pays, on account of such services and expenses, any remuneration in addition to the amount allowed in accordance with this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than twelve months, or both.

(g) A claim for actual costs incurred in filing protests, preserving land claims, advancing land claims settlement legislation, and presenting testimony to the Congress on proposed Native land claims may be submitted to the Chief Commissioner of the Court of Claims by any bona fide association of Natives. The claim must be submitted within six months from the date of enactment of this Act, and shall be in such form and contain such information as the Chief Commissioner shall prescribe. The Chief Commissioner shall allow such amounts as he determines are reasonable, but he shall allow no amount for attorney and consultant fees and expenses which shall be compensable solely under subsection (b) through (e). If approved claims under this subsection aggregate more than $600,000, each claim shall be reduced on a pro rata basis. The Chief Commissioner shall certify to the Secretary of the Treasury, and report to the Congress, the amount

EXHIBIT 11
Page 25 of 29

H. R. 10367—26

of each claim allowed and the name and address of the claimant. The Secretary of the Treasury shall pay to such claimant from the Alaska Native Fund the amount certified. No award under this subsection shall bear interest.

### TAXATION

43 USC § 1620

Sec. 21. (a) Revenues originating from the Alaska Native Fund shall not be subject to any form of Federal, State, or local taxation at the time of receipt by a Regional Corporation, Village Corporation, or individual Native through dividend distributions or in any other manner. This exemption shall not apply to income from the investment of such revenues.

(b) The receipt of shares of stock in the Regional or Village Corporations by or on behalf of any Native shall not be subject to any form of Federal, State or local taxation.

(c) The receipt of land or any interest therein pursuant to this Act or of cash in order to equalize the values of properties exchanged pursuant to subsection 22(f) shall not be subject to any form of Federal, State or local taxation. The basis for computing gain or loss on subsequent sale or other disposition of such land or interest in land for purposes of any Federal, State or local tax imposed on or measured by income shall be the fair value of such land or interest in land at the time of receipt.

(d) Real property interests conveyed, pursuant to this Act, to a Native individual, Native group, or Village or Regional Corporation which are not developed or leased to third parties, shall be exempt from State and local real property taxes for a period of twenty years after the date of enactment of this Act: *Provided*, That municipal taxes, local real property taxes, or local assessments may be imposed upon leased or developed real property within the jurisdiction of any governmental unit under the laws of the State: *Provided further*, That easements, rights-of-way, leaseholds, and similar interests in such real property may be taxed in accordance with State or local law. All rents, royalties, profits, and other revenues or proceeds derived from such property interests shall be taxable to the same extent as such revenues or proceeds are taxable when received by a non-Native individual or corporation.

(e) Real property interests conveyed pursuant to this Act to a Native individual, Native group, or Village or Regional Corporation shall, so long as the fee therein remains not subject to State or local taxes on real estate, continue to be regarded as public lands for the purpose of computing the Federal share of any highway project pursuant to title 23 of the United States Code, as amended and supplemented, for the purpose of the Johnson-O'Malley Act of April 16, 1934, as amended (25 U.S.C. 452), and for the purpose of Public Laws 815 and 874, 81st Congress (64 Stat. 967, 1100), and so long as there are also no substantial revenues from such lands, continue to receive forest fire protection services from the United States at no cost.

### MISCELLANEOUS

43 USC § 1621

Sec. 22. (a) None of the revenues granted by section 6, and none of the lands granted by this Act to the Regional and Village Corporation and to Native groups and individuals shall be subject to any contract which is based on a percentage fee of the value of all or some portion of the settlement granted by this Act. Any such contract shall not be enforceable against any Native as defined by this Act or any Regional or Village Corporation and the revenues and lands granted by this Act shall not be subject to lien, execution or judgment to fulfill such a contract.

EXHIBIT 11
Page 26 of 29

H. R. 10367—27

(b) The Secretary is directed to promptly issue patents to all persons who have made a lawful entry on the public lands in compliance with the public land laws for the purpose of gaining title to homesteads, headquarters sites, trade and manufacturing sites, or small tract sites (43 U.S.C. 682), and who have fulfilled all requirements of the law prerequisite to obtaining a patent. Any person who has made a lawful entry prior to August 31, 1971, for any of the foregoing purposes shall be protected in his right of use and occupancy until all the requirements of law for a patent have been met even though the lands involved have been reserved or withdrawn in accordance with Public Land Order 4582, as amended, or the withdrawal provisions of this Act: *Provided*, That occupancy must have been maintained in accordance with the appropriate public land law: *Provided further*, That any person who entered on public lands in violation of Public Land Order 4582, as amended, shall gain no rights.

(c) On any lands conveyed to Village and Regional Corporations, any person who prior to August 31, 1971, initiated a valid mining claim or location under the general mining laws and recorded notice of said location with the appropriate State or local office shall be protected in his possessory rights, if all requirements of the general mining laws are complied with, for a period of five years and may, if all requirements of the general mining laws are complied with, proceed to patent.

(d) The provisions of Revised Statute 452 (43 U.S.C. 11) shall not apply to any land grants or other rights granted under this Act.

(e) If land within the National Wildlife Refuge System is selected by a Village Corporation pursuant to the provisions of this Act, the Secretary shall add to the Refuge System other public lands in the State to replace the lands selected by the Village Corporation.

(f) The Secretary, the Secretary of Defense, and the Secretary of Agriculture are authorized to exchange any lands or interests therein in Alaska under their jurisdiction for lands or interests therein of the Village Corporations, Regional Corporations, individuals, or the State for the purpose of effecting land consolidations or to facilitate the management or development of the land. Exchanges shall be on the basis of equal value, and either party to the exchange may pay or accept cash in order to equalize the value of the properties exchanged.

(g) If a patent is issued to any Village Corporation for land in the National Wildlife Refuge System, the patent shall reserve to the United States the right of first refusal if the land is ever sold by the Village Corporation. Notwithstanding any other provision of this Act, every patent issued by the Secretary pursuant to this Act—which covers lands lying within the boundaries of a National Wildlife Refuge on the date of enactment of this Act shall contain a provision that such lands remain subject to the laws and regulations governing use and development of such Refuge.

(h)(1) All withdrawals made under this Act, except as otherwise provided in this subsection, shall terminate within four years of the date of enactment of this Act: *Provided*, That any lands selected by Village or Regional Corporations or by a Native group under section 12 shall remain withdrawn until conveyed pursuant to section 14.

(2) The withdrawal of lands made by subsection 11(a)(2) and section 16 shall terminate three years from the date of enactment of this Act.

(3) The provisions of this section shall not apply to any withdrawals made under section 17 of this Act.

(4) The Secretary is authorized to terminate any withdrawal made by or pursuant to this Act whenever he determines that the withdrawal is no longer necessary to accomplish the purposes of this Act.

EXHIBIT 11
Page 27 of 29

71

H. R. 10367—28

(i) Prior to a conveyance pursuant to section 14, lands withdrawn by or pursuant to sections 11, 14, and 16 shall be subject to administration by the Secretary, or by the Secretary of Agriculture in the case of National Forest lands, under applicable laws and regulations, and their authority to make contracts and to grant leases, permits, rights-of-way, or easements shall not be impaired by the withdrawal.

(j) In any area of Alaska for which protraction diagrams of the Bureau of Land Management or the State do not exist, or which does not conform to the United States Land Survey System, or which has not been surveyed in a manner adequate to withdraw and grant the lands provided for under this Act, the Secretary shall take such actions as are necessary to accomplish the purposes of this Act, and the deeds granted shall note that upon completion of an adequate survey appropriate adjustments will be made to insure that the beneficiaries of the land grants receive their full entitlement.

(k) Any patents to lands under this Act which are located within the boundaries of a national forest shall contain such conditions as the Secretary deems necessary to assure that:

(1) the sale of any timber from such lands shall, for a period of five years, be subject to the same restrictions relating to the export of timber from the United States as are applicable to national forest lands in Alaska under rules and regulations of the Secretary of Agriculture; and

(2) such lands are managed under the principle of sustained yield and under management practices for protection and enhancement of environmental quality no less stringent than such management practices on adjacent national forest lands for a period of twelve years.

(l) Notwithstanding any provision of this Act, no Village or Regional Corporation shall select lands which are within two miles from the boundary, as it exists on the date of enactment of this Act, of any home rule or first class city (excluding boroughs) or which are within six miles from the boundary of Ketchikan.

### REVIEW BY CONGRESS

43 USC § 1622

SEC. 23. The Secretary shall submit to the Congress annual reports on implementation of this Act. Such reports shall be filed by the Secretary annually until 1984. At the beginning of the first session of Congress in 1985 the Secretary shall submit, through the President, a report of the status of the Natives and Native groups in Alaska, and a summary of actions taken under this Act, together with such recommendations as may be appropriate.

### APPROPRIATIONS

43 USC § 1623

SEC. 24. There are authorized to be appropriated such sums as may be necessary to carry out the provisions of this Act.

### PUBLICATIONS

43 USC § 1624

SEC. 25. The Secretary is authorized to issue and publish in the Federal Register, pursuant to the Administrative Procedure Act, such regulations as may be necessary to carry out the purposes of this Act.

### SAVING CLAUSE

43 USC § 1625

SEC. 26. To the extent that there is a conflict between any provision of this Act and any other Federal laws applicable to Alaska, the provisions of this Act shall govern.

EXHIBIT 11
Page 28 of 29

H. R. 10367—29

SEPARABILITY

43 USC § 1626    SEC. 27. If any provision of this Act or the applicability thereof is held invalid the remainder of this Act shall not be affected thereby.

*Carl Albert*

Speaker of the House of Representatives.

*Lee Metcalf*

~~Vice President of the United States and Acting~~ President of the Senate *pro Tempore*

APPROVED

DEC 18 1971

*Richard Nixon*

EXHIBIT 11
Page 29 of 29