BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MINCHUMINA NATIVES INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:04-cv-0027-CV (JWS) |

REPLY BRIEF OF DEFENDANT ON CAPACITY ISSUES

TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  PLAINTIFF WAS NOT ORGANIZED AS A NATIVE VILLAGE CORPORATION UNDER ANCSA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. THE PURPORTED REINSTATEMENT CANNOT CREATE CORPORATE EXISTENCE CONTRARY TO STATUTE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TABLE OF AUTHORITIES

FEDERAL CASES

Amoco Production Company v. Village of Gambell, 480 U.S. 531 (1987) . . . . . . . . . . . . . . . . . 4

Boy Scouts of America v. Wyman, 213 F.Supp.2d 159 (D. Conn. 2002) . . . . . . . . . . . . . . . . . . 5

Jacobus v. Alaska, 338 F.3d 1095 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kenaitze Indian Tribe v. State of Alaska, 860 F.2d 312 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . 5

R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres (McGinnis), 386 F.2d 592 (10th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Skidmore v. Swift & Co., 323 U.S. 134 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Mead Corporation, 533 U.S. 218 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

West v. American Tel. & Tel. Co., 311 U.S. 223 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


STATE CASES

Beaver v. Recreation Ass'n of Lake Shore Estates, 130 S.W.3d 702 (Mo. App. S.D. 2004) . . . . 3


FEDERAL STATUTES

43 U.S.C. 1601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

43 U.S.C. § 1602(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

43 U.S.C. § 1602(n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

43 U.S.C. § 1613(h)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


STATE STATUTES

AS § 10.06.633(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

AS Title 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

AS § 10. 20.007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

AS § 10.06.930(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

AS § 38.05.275(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INTRODUCTION

Defendant submits this reply brief on capacity issues pursuant to this Court's Text Order of April 19, 2007 (Docket # 54).  Plaintiff argues that it now has capacity to bring this action due to a purported reinstatement of its corporate status.  That purported reinstatement was without statutory authority and is of no effect.  This reply makes two showings.  First, plaintiff was not organized as a Native village corporation as required for reinstatement under AS 10.06.930(k).  Second, because plaintiff was not organized as a Native village corporation, the purported reinstatement by the State of Alaska Division of Corporations was unauthorized and without legal effect.  As part of this second showing, we review the rules regarding the deference to be accorded to the interpretation of State statutes by State of Alaska agencies.  Defendant otherwise relies on its two prior briefs.

I.  PLAINTIFF WAS NOT ORGANIZED AS A NATIVE VILLAGE CORPORATION UNDER ANCSA.

The sole statutory authority on which plaintiff relies for its purported reinstatement is AS § 10.06.633(k).  That subsection unambiguously limits reinstatement to "a corporation *that is organized as a Native village corporation under [ANCSA]*."  Unless plaintiff was so organized, there is no authority for its reinstatement.

Plaintiff does not dispute that it falls within the definition of "Native group corporation" (43 U.S.C. § 1602(n)), appearing in ANCSA as it exists today and as it existed at the time that Alaska passed the 2005 amendment to AS § 10.06.633(k) on which plaintiff relies for its reinstatement.  However, plaintiff argues that it is organized as a Native village corporation because until 1988, ANCSA did not include a specific definition of Native group corporation.  The fatal flaw in this argument is that to qualify for reinstatement under the statute plaintiff must show that it is organized as a Native village corporation.   Since its original enactment, ANCSA has included an unchanged definition of "village corporation," (43 U.S.C. § 1602(j)) and, as we demonstrated at pages 3-8 of Response Brief of Defendant on Capacity Issues (Docket # 53), plaintiff has never fallen under that definition.

In support of its argument, plaintiff notes that the Alaska Statutes contain the term "Native Group Corporation" exactly once, and that the term does not appear at all in the Alaska Corporations Code.  Reply Brief of Minchumina Native, Inc. at 6 (Docket # 52).  While true, neither fact is of assistance to plaintiff.  The term "Native village corporation" likewise appears only once in the Alaska Statutes – in AS 10.06.960 (k), the provision at issue in this case.  Significantly, that provision appears as part of a section titled "Corporations organized under Alaska Native Claims Settlement Act."   The Alaska Legislature made every other provision of that section applicable to all types of corporations organized under ANCSA by referring to "a corporation organized under the Act."  In subsection (k), the Alaska Legislature departed from the wording of all the other subsections and limited the applicability of that subsection to "a corporation organized as a Native village corporation under the Act."

Even the term "village corporation" appears at only one other place in the Alaska Corporations Code, AS Title 10, which provides:

> A village corporation organized under 43 U.S.C. 1601 *et seq.* (Alaska Native Claims Settlement Act) may be incorporated under and subject to this chapter except the name of the corporation may not contain the word "village" or otherwise imply that the corporation is a municipal corporation; however, the name of a village may be used in the corporate name.

AS § 10. 20.007.

Neither of these uses suggests that the Alaska legislature uses the term "village corporation" to mean any Native corporation that is not a regional corporation.  When the legislature has wanted to make a statute applicable to Native group and urban corporations, it has either made the provision applicable to Native corporations generally, or referred specifically to group or urban corporations, as it did in AS § 38.05.275(b)(2).

Finally, the Alaska Legislature when legislating about Native corporations has consistently referred back to corporations organized pursuant to ANCSA or specific provisions of ANCSA.  This reference back to ANCSA precludes any theory that the Legislature had an intent that Native village corporation or Native group corporation would have one meaning in federal law and a different meaning in state statutes.

ANCSA makes clear that Native group corporations and Native village corporations are mutually exclusive categories.  The section of ANCSA establishing the benefits that plaintiff seeks in this case provides:

> (2) The Secretary may withdraw and convey to a Native group *that does not qualify as a Native village, if it incorporates under the laws of Alaska,* title to the surface estate in not more than 23,040 acres surrounding the Native group's locality.  The subsurface estate in such land shall be conveyed to the appropriate Regional Corporation.

43 U.S.C. § 1613(h)(2) (emphasis added).

In sum, plaintiff was not organized as a Native village corporation under ANCSA.

## II.  THE PURPORTED REINSTATEMENT CANNOT CREATE CORPORATE EXISTENCE CONTRARY TO STATUTE.

Plaintiff's response brief misstates the standard by which the Court must analyze the effect of the purported reinstatement by the Alaska Division of Corporations.   Plaintiff suggests that the Court must accept the action of the Commissioner of Commerce, Community and Economic because there is "no evidence that the Commissioner acted unreasonably when reinstating the Plaintiff Corporation."  Docket # 52 at 7.  They then argue that the Commissioner's action can only be overturned if "obviously wrong" and should be "respected and not overruled except for cogent reasons."  Docket # 52 at 9.  This is not the law.

Rule 17(b) Fed. R.Civ.Pro. provides that the capacity of a corporation to sue "shall be determined by the law under which it was organized" – in this case the law of Alaska.  Where there is no State court decision on the issue, the federal court must ascertain from all the available data what the state law is. *West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940); *R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres (McGinnis),* 386 F.2d 592, 593 (10th Cir. 1967).

The Division of Corporations, like executive offices elsewhere,  receives its authority from statute.   The reinstatement of a corporation depends on statutory authority. *Id* at 594.  Where the executive does not have the statutory authority for a reinstatement, that reinstatement is without effect and can be collaterally attacked. *Beaver v. Recreation Ass'n of Lake Shore*

*Estates,* 130 S.W.3d 702, 711 (Mo. App. S.D. 2004).

The issue, then, is whether, as a matter of State law, the Division of Corporations had the authority to reinstate a Native group corporation under AS § 10.06.930(k). The statute is unambiguous on this point. Reinstatement is limited to corporations organized as Native village corporations under ANCSA. As shown above, plaintiff was not organized as a Native village corporation, but as a Native group corporation. Where a statute uses a clear term of art, such as Native village corporation, deference cannot be used to rewrite the statute to give a different meaning. *Amoco Production Company v. Village of Gambell,* 480 U.S. 531, 548-49 (1987).

Even if AS § 10.06.930(k) were ambiguous, there would be no basis for according deference to the "interpretation" of subsection (k) by the Division of Corporations with regard to Native group corporations. First, there is no evidence that the Division of Corporations made any such interpretation. As the parties agreed in the Joint Status Report, the papers submitted in support of reinstatement identified Minchumina Natives, Inc. merely as a "Native corporation." The reinstatement was issued the same day as the filing of the application papers and there is no memorandum or other evidence that the Division of Corporations in issuing the reinstatement was aware that plaintiff was a Native group corporation or made a conscious analysis of whether Native group corporations were the equivalent of a Native village corporations. Def. Exh. 7, 8 attached to Docket # 46.

Second, even if the Division of Corporations had made an interpretation, it would not be accorded deference. The Alaska state courts have developed rules on when to accord deference to agency interpretations of a state statute, and it is those rules that the Court must apply in resolving whether there was statutory authority for plaintiff's reinstatement.[1]/ *Jacobus v. Alaska,*

---

[1]/    Plaintiff notes that in *McGinnis,* 386 F.2d at 594, the Tenth Circuit rejected an administrative construction of a statute the Circuit found to be "clearly wrong." Although the agency interpretation in *McGinnis* was clearly wrong, we do not read *McGinnis* to mean that under Oklahoma law agency interpretations must be adopted unless clearly wrong. Certainly, the purported interpretation would not be entitled to *Chevron* deference if it had been made by a federal agency. *United States v. Mead*
                                                                                    (continued...)

338 F.3d 1095, 1107 n.17 (applying Alaska state law on deference); *Boy Scouts of America v. Wyman,* 213 F.Supp.2d 159, 165-66 (D. Conn. 2002), *aff'd,* 335 F.3d 80 (2nd Cir. 2003) . As discussed at page eight of Response Brief of Defendant on Capacity Issues, Docket # 53, the Alaska Supreme Court articulated two standards for reviewing agency interpretation of statutory terms. The "substitution of judgment" standard is applied where the questions of law presented do not involve agency expertise or where the agency's specialized knowledge and experience would not be particularly probative of the meaning of the statute. *Id.* In such cases, the courts substitute their judgment for that of the agency. *Id.*

The substitution of judgment standard applies would apply here (assuming *arguendo* the Division of Corporations had made an interpretation) because the question for the court is whether plaintiff was "organized as a Native village corporation under [ANCSA]." The State Division of Corporations has no expertise regarding ANCSA and the differences between Native village corporations and Native group corporations. Thus the agency's specialized expertise in corporate law has no probative value as to the meaning of the phrase at issue and the interpretation is not entitled to deference.

CONCLUSION

For the foregoing reasons, the Court should rule that plaintiff's purported reinstatement is unauthorized and without legal effect.

RESPECTFULLY SUBMITTED this 11th day of May, 2007, at Anchorage, Alaska.

    S/ Bruce M. Landon
    BRUCE M. LANDON
    Department of Justice

---

[1]/   (...continued)
*Corporation,* 533 U.S. 218, 229-30 (2001). Nor would it be entitled to deference under *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944). Under *Skidmore*, the amount of deference varies in accordance with a number of factors including "the degree of the agency's care, its consistency, formality, and relative expertness, and the persuasiveness of the agency's position." None of those factors weigh in favor of deference. In any event, the question here is not the standard for deference in Oklahoma or in the construction of federal statutes, but rather the rules for when Alaska courts accord deference to an state agency interpretation of an Alaska statute.

MNI v. DOI, 4:04-cv-0027-CV (JWS)
US Reply On Capacity                5

Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2007, a copy of the foregoing was served electronically to the following counsel of record:

Mark Andrews

s/Bruce M. Landon
Bruce M. Landon