Mark Andrews
Acting General Counsel
Tanana Chiefs Conference
122 First Avenue  Ste 600
Fairbanks AK  99701
Phone: (907) 452-8251, extension 3177
Fax: (907) 459-3953
E-mail: mark.andrews@tananachiefs.org
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MINCHUMINA NATIVES INC.

        Plaintiff,

v.                                              Case No.  4:04-cv-00027-CV (JWS)

UNITED STATES DEPARTMENT
OF THE INTERIOR,

        Defendant
_____/

SUPPLEMENTAL REPLY BRIEF OF MINCHUMINA NATIVES, INC.

Plaintiff Minchumina Natives, Inc., submits this supplemental reply brief pursuant to the Order from Chambers [Document 54].  Plaintiff's second brief in this series was labeled its "reply", and thus this is the supplemental reply.

Table of Contents

1. Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Original organization of the Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . 5

3. Resolution of statutory ambiguity in favor of Indians . . . . . . . . . . . . 7

4  Deference to agency interpretation . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Table of Authorities
Cases

<u>Federal</u>

*Alaska Public Easement Defense Fund v. Andrus*, 435 F.Supp. 664
(D.Alaska 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bowen v. Georgetown University Hosp.*, 488 U.S. 204 (1988) . . . . . . .   9

*Chugach Alaska Corp. v. Lujan*, 915 F.2d 454 (9th Cir. 1990) . . . . . .   8

*Tyonek Native Corp. v. Secretary of the Interior,* 836 F.2d 1237
(9th Cir. 1988)(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

*United States v. Atlantic Richfield Co.,* 612 F.2d 1132 (9th Cir.),
*cert.den.*, 449 U.S. 888 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

<u>State</u>

*Alaska Continental, Inc. v. Trickey*, 933 P.2d 528 (Alaska 1997) . . . . .   9

Statutes

<u>Federal</u>
43 U.S.C. §1602(c),(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

43 U.S.C. §1613(h)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

<u>State</u>
AS 10.06.960 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**1. Summary**

Plaintiff seeks to offer a set of arguments, which, when applied, fulfill the intent of Congress without the need to parse each word of ANCSA from 1971 to the present. Congress intended qualifying Native groups to secure land. To that end, Congress required that these groups incorporate.

For purposes of adjudicating the Plaintiff's land claim under ANCSA, the Plaintiff is a Native group. For purposes of state law, the legal status of the Plaintiff is a village corporation. The State of Alaska has power over corporate status, and the Secretary of the Interior has the power to adjudicate the entitlement to Native land claims. These principles best resolve the original terms of ANCSA, its amendments, and Secretarial interpretations of the law.

1. Under ANCSA, when members of a Native group sought to pursue their land claim, they were required to incorporate. 43 U.S.C. §1613(h)(2). ANCSA created no other vehicle for pursuing such claims.

2. When Plaintiff incorporated in 1975, there were two categories available: Regional Corporation and Village Corporation. 43 U.S.C. §1602(c), (g). Congress was silent on the existence of any other category.

3. The Plaintiff Native group was not a Regional Corporation.

4. Later Congressional references to Native group corporations were enacted after Plaintiff's incorporation. Neither Congress, the State of Alaska, nor the Department of the Interior required Native groups to reorganize after later Congressional amendments. Whatever the impact of the new corporate category, it did not alter the status of existing corporations.

5. The Alaska corporations code never contained the category "group corporation." If the Plaintiff was going to incorporate as anything at all in 1975 as an ANCSA corporation, then Plaintiff was a village corporation.

6. When the Alaska division of corporations granted reinstatement under AS 10.06.960(k), the State did not require Plaintiff to change its status from its original 1975 incorporation, or to otherwise reorganize.

**2. Original organization of the Plaintiff.**

Until 1988 Congress did not amend ANSCA to include the definition of "group corporation". However, the Department argues that "Entities can exist whether or not defined." Document 53 at 3. The Department cites no legal authority for this proposition. Nor does the Department explain how a corporation, which is a creation of state law, can have a status that does not

exist under state law. Nor does the Department explain how the Alaska division of corporations, in 1975, could have granted the Plaintiff "group corporation" status when the agency's statute had no such category.

The Department does not answer a critical question: If a "tribe, band, clan, group, village, community, or association" had less than 25 members, what was it supposed to do to claim land? The exclusive vehicle for claiming land was a corporation.

> The Secretary may withdraw and convey to a Native group that does not qualify as a Native village, if it incorporates under the laws of Alaska, title to the surface estate in not more than 23,040 acres surrounding the Native group's locality.

43 U.S.C. §1613(h)(2)(pertinent part). The subsection refers to a Native group and distinguishes it from a Native village. However, the subsection goes on to require the Native group to incorporate under Alaska law if the group wanted land. Under ANCSA in 1975, there were two categories of corporations. If a local association wanted to claim land, the only vehicle available to it was that of a village corporation. A Native group's only other option was to not incorporate and thereby forfeit its land claim. ANCSA should be interpreted to avoid a forfeiture.

The difficulties in statutory and regulatory language may be resolved as follows: the corporation's legal status, for purposes of its federal land claim, is that of a Native group; and its status, under state law, is that of a village corporation. This position acknowledges the action of the state agency, which reinstated the Plaintiff upon application. This position does not impose upon, or compromise, the prerogatives of the Secretary of the Interior, who retains the power to adjudicate a Native group land claim under ANCSA.

**3. Resolution of statutory ambiguity in favor of Indians.**

ANSCA is interpreted by the canon of construction which states that in statutes passed for the benefit of Indians, ambiguities are resolved in favor of Indians. The Ninth Circuit has not held to the contrary. *United States v. Atlantic Richfield Co.,* 612 F.2d 1132 (9th Cir.), *cert.den.*, 449 U.S. 888 (1980). Department argument; Document 53 at 12. *Atlantic Richfield* stands for only the principle that a canon of construction does not defeat the manifest intent of Congress. 612 F.2d at 1139.

The Ninth Circuit later assumed that the canon in favor of Indians applies to ANCSA. *Tyonek Native Corp. v. Secretary of the Interior,* 836 F.2d 1237 (9th Cir. 1988)(per curiam). The issue in *Tyonek* arose because two

opposing canons of construction competed for application to the case. 836 F.2d at 1239. The court found it unnecessary to resolve this question. *Id.* The *Tyonek* dissent argued that *Atlantic Richfield* had held that the canon did not apply to ANCSA. 836 F.2d at 1244-45. The *Tyonek* majority did not agree.

*Chugach Alaska Corp. v. Lujan*, 915 F.2d 454 (9th Cir. 1990), assumed that the canon in favor of Indians applies to ANCSA. 915 F.2d at 457, n. 4. The court ruled only that the canon did not apply in that particular case. 915 F.2d at 457, n. 4. The District Court applied the canon in *Alaska Public Easement Defense Fund v. Andrus*, 435 F.Supp. 664, 670-71 (D.Alaska 1977). In light of later Ninth Circuit authority, *APEDF* remains good law.

**4. Deference to agency interpretation**

The only agency to interpret the new State amendment has been the State agency charged with its enforcement. There is nothing to suggest that the State agency acted unreasonably or outside its statute. The Alaska division of corporations granted reinstatement to Plaintiff Corporation. To the extent that any decision is owed deference, that is the decision.

There has been no pertinent interpretation by the Secretary because the Secretary of the Interior does not supervise Alaska corporations. Attorneys

have taken a litigation position on behalf of the Secretary, but the agency decisionmakers themselves have played no role.

> …we have declined to give deference to an agency counsel's interpretation of a statute where the agency itself has articulated no position on the question, on the ground that "Congress has delegated to the administrative official and not to appellate counsel the responsibility for elaborating and enforcing statutory commands."

*Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 212 (1988)(cites omitted). The Department has made no decision to which deference is owed.[1]

Respectfully submitted this 11th day of May, 2007.

/s/ Mark Andrews
Tanana Chiefs Conference

Certificate of Service. I certify that this 11th day of May, 2007, a copy of the foregoing was served by ECF transfer to Bruce Landon, Esq.  /s/ Mark Andrews

---

[1] The Department challenges reliance on the case of Alaska Continental, Inc. v. Trickey, 933 P.2d 528 (Alaska 1997). Document 53 at 9-11. Plaintiff offered Alaska Continental as part of its argument that Alaska corporations law is liberally construed in favor of permitting corporate claims to proceed. Document 47 at 28-30. Plaintiff does not argue that Alaska Continental would permit prosecution of its land claim even after dissolution.