UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MINCHUMINA NATIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 4:04-cv-00027-JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| UNITED STATES DEPARTMENT | ) | [Re:  Motions at |
| OF THE INTERIOR, | ) | dockets 46 and 47] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 46, defendant United States Department of the Interior ("DOI") asks the court to determine that plaintiff Minchumina Natives, Inc. ("MNI") lacks capacity to prosecute this action.  At docket 47, MNI asks the court to determine that it does have such capacity.  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

MNI's complaint[1] asked the court to declare its rights with respect to land sought from the United States and in conjunction therewith to review a September 7, 2004 decision by the Board of Land Appeals ("IBLA") which had determined that Minchumina Natives Incorporated was ineligible for such a benefit under the Alaska Native Claims

---

[1]Doc. 1.

Settlement Act ("ANCSA").[2]  The IBLA decision is the latest in a series of decisions relating to a 1976 application made by Minchumina Natives Incorporated.[3]

Pursuant to earlier motion practice, this court ruled that MNI lacked capacity to pursue its declaratory judgment action.  The Court of Appeals remanded the case for further proceedings in light of MNI's argument on appeal that after this court rendered its decision, the State of Alaska reinstated an entity's corporate status with retroactive effect.  The appellate court did not evaluate that argument.  Instead, it directed this court to answer five questions.  The remand's scope is not necessarily limited to answering the questions, and this court "may" certify questions to the Alaska Supreme Court.[4]

The five questions this court has been directed to answer are the following:

1) Did this court dismiss the non-profit corporation MNI, or the for-profit corporation Minchumina Natives Incorporated ("MNFP"), or both?

2) Which entity did the state reinstate in 2005, MNI or MNFP?

3) Was reinstatement made pursuant to AS 10.06.960(k)?

4) Was MNFP a Native Village corporation, or a Native Group corporation?

5) Does the reinstatement apply retroactively?[5]

To give context to the discussion below, the court sets out the following from its order of April 11, 2005:[6]

In ANCSA, Congress extinguished aboriginal land claims in Alaska[7] and as compensation provided for payment of nearly a billion dollars and conveyance of large tracts of land to Alaska Natives.  The money[8], some

---

[2]43 U.S.C. § 1601 *et seq.*

[3]*See* doc. 1 at ¶¶ 9-19.

[4]A copy of the Court of Appeals' decision was filed at docket 36.

[5]Doc. 36 at pp. 4-8.

[6]Doc. 17 at pp. 4-5.

[7]43 U.S.C. § 1603.

[8]43 U.S.C. § 1605(c).

of the land,[9] and the subsurface estate in all of the land[10] was to be distributed to Alaska Regional Corporations, while the surface estate in lands surrounding individual native communities and certain additional land was to be distributed to Native Villages.[11]  Provision was also made to make smaller conveyances of land to Native Groups defined as "any tribe, band, clan, village, community or village association of Natives in Alaska composed of less [sic] than twenty-five Natives, who comprise a majority of the residents of the locality."[12]  An essential difference between Native Villages and Native Groups is size.  Native Villages must have 25 or more members.[13]

ANCSA contemplated that Alaska Natives would form corporations pursuant to the laws of Alaska to receive title to the lands conveyed by the United States.  Of particular significance to the pending motion, the Secretary of the Interior was authorized to convey lands to Native Groups incorporated under the laws of Alaska.[14]

Several facts are not disputed.  First, an organization named "Minchumina Natives Incorporated"[15] was organized as a corporation under the Alaska Business Corporation Act and received a certificate of incorporation dated November 6, 1975.[16]  Second, Minchumina Natives Incorporated was formed for the purpose of obtaining land available to it as a Native Group, and has continued to seek such land.[17]  Third, Minchumina Natives Incorporated was dissolved on September 20, 1993, for failing to file required reports and/or pay required taxes for the year 1992.[18]  Fourth,

---

[9]43 U.S.C. § 1611(b).

[10]43 U.S.C. § 1613(e) and (f).

[11]43 U.S.C. § 1613(a)

[12]43 U.S.C. §1602(d).

[13]43 U.S.C. § 1602(c).

[14]43 U.S.C. § 1613(h)(2).

[15]The corporate name differs slightly from plaintiff's name, "Minchumina Natives, Inc."

[16]Doc. 14, Exhibit A.

[17]Doc. 14, Exh. B.

[18]Doc. 8, Exh. 2.

> Minchumina Natives Incorporated did not seek reinstatement within two years following its dissolution.[19] Fifth, MNI was organized as an Alaska non-profit corporation in December of 2004.[20]

The facts found to be undisputed in the last quoted paragraph have not been disturbed by the Court of Appeals. This court will rely on them in this order.

### III.  DISCUSSION

As directed, this court will answer all five questions identified by the Court of Appeals, but for analytical purposes, they are not answered in the sequence posed by the appellate court.

**A.  Question 1:  What Entity was Previously Dismissed**

In its complaint, plaintiff identified itself as Minchumina Natives, Inc.,[21] or as it is styled in this order, MNI. The corporation which actually is MNI is not a Native group corporation. It is organized as a non-profit corporation under the laws of Alaska pursuant to Articles of Incorporation dated December 1, 2004.[22] In its complaint and elsewhere plaintiff consistently referred to itself as a "Native Group,"[23] rather than as the non-profit corporation. In short, the plaintiff portrayed itself as both MNI and MNFP in its complaint. In the order at docket 44, this court dismissed both entities.

**B.  Question 4: Was MNFP a Native Village Corporation or a Native Group Organized as a Corporation?**

---

[19] According to Carol Lee Gho, who refers to Minchumina Natives Incorporated as Minchumina Natives, Inc., the corporation was relying on the regional corporation to handle all necessary paperwork. Doc. 14, Exh. B.

[20] A copy of the articles of incorporation has been supplied, but no certificate of incorporation has been provided. *See* doc. 14, Exh. B. For purposes of this motion, the court assumes that MNI was incorporated in December of 2004.

[21] Doc. 1 at ¶ 2, *see also* case heading on the complaint

[22] Doc. 14, Attachment to Exhibit B, Articles of Incorporation of MNI.

[23] *E.g.*, doc. 1 at ¶¶ 2, 9, 10, and 26 g; doc. 5; doc. 14, particularly Ex. B thereto, Affidavit of Carol Lee Gho.

MNFP was a Native group organized as a corporation. There are several points which support this conclusion. First, this court has already explicitly held that MNFP was formed for the purpose of obtaining benefits available to Native groups under ANCSA.[24]

Second, in the Gho affidavit filed by plaintiff, one of the seven founders of the corporation formed in 1975 (which had to be MNFP, not MNI,[25] although the affiant mixed up the names) says that the corporation's founders were "seven members of the Native group."[26] The affidavit also states: "Since its incorporation [NMFP] has been pressing its claim for selection of land as a Native group under [ANCSA]. The land selection was the reason why [NMFP] was formed. The corporation has pursued this goal at all times since it was formed."[27]

Third, the complaint in this case is replete with plaintiff's own descriptions of itself as a Native group. For example, the complaint alleges that plaintiff has applied for certification as a "'Native Group' under the Alaska Native Claims Settlement Act, 43 U.S.C. §1602(d)."[28] The statute relied on by plaintiff is the one which defines a "Native group." This stands in contrast to 43 U.S.C. § 1602(c) which defines a "Native village." Plaintiff also expressly recognizes in its complaint that it is not a Native village, because its members numbered fewer than 25 Native persons.[29] Indeed, it was after the failure of the Native residents of Lake Minchumina to qualify as a Native village in 1973 that they formed a corporation to act on their behalf as a Native group to pursue a land

---

[24] Order, doc. 44 at p. 5.

[25] MNFP's certificate of incorporation is dated November 6, 1975. Doc. 47, Exhibit 2. NMI was not incorporated until 2004.

[26] Affidavit of Carol Lee Gho, doc. 14, Exhibit B at p. 1.

[27] *Id.*

[28] Doc. 1 at ¶ 2.

[29] Doc. 1 at ¶ 5.

application that was then made in 1976.[30]  Echoing the Gho affidavit, the complaint shows that plaintiff's goal in the litigation is to force the United States to recognize that it is a Native group so that it may obtain conveyance of several thousand acres of land from the United States pursuant to the Native group application made in 1976.[31]

Plaintiff is not a Native village corporation.

**C.  Question 3: Was Reinstatement Pursuant to AS 10.06.960(k)**

AS 10.06.960 (k) provides that other provisions of the Alaska corporation code notwithstanding, a corporation organized as a "Native village corporation" may be reinstated on or before December 31, 2006.  A comparison of § 960(k) with § 960(l) demonstrates that § 960 (k) was meant to apply only to Native village corporations.  The statute's specific reference to "Village corporation" differs from the Alaska legislature's reference in § 960 (l) to "Native corporation," a broader term which the legislature defined to include Native regional, village, urban, and group organizations.[32]   As explained in the preceding section, MNFP was not organized as a Native Village corporation, so it could not have been reinstated pursuant to AS 10.06.960(k).

**D.  Questions  2 and 5:  Which Corporation Was Reinstated and was Reinstatement Retroactive?**

MNI was never dissolved, so it could not have been re-instated.  However, for the reasons set out below, it does not follow that MNFP was reinstated.

The application for reinstatement was filed on November 21, 2005.[33]  In the application the corporation is described as "Native Corporation," not a "Native village corporation."  The Commissioner of the Alaska Department of Commerce, Community and Economic Development, issued a Certificate of Reinstatement the same day which recites that Lake Minchumina Natives, Inc. "is hereby reinstated on the records of this

---

[30]Doc. 1 at ¶¶ 8 and 9.  MNFP was incorporated November 6, 1975.  Doc. 47, Exhibit 2.

[31]Doc. 1 generally, and *see* ¶¶ 9 and 26 g in particular.

[32]AS 10.06.960(p)(2) incorporating 43 U.S.C. § 1602(m).

[33]Doc. 47, Exhibit 4.

state."[34]  Neither the application nor the certificate refer to any authority for the reinstatement.[35]

There are only three provisions of Alaska law pursuant to which a dissolved Alaska corporation may be reinstated.  The first is the general statute, AS 10.06.633(e), which authorizes reinstatement within two years of dissolution.  MNFP was dissolved on September 20, 1993.  MNFP could not have been re-instated pursuant to AS 10.06.633(e) based on an application filed November 21, 2005.

The second provision, AS 10.06.960(I), deals with "Native corporations" and by its terms could apply to any Alaska corporation organized under ANCSA.  Thus, when its terms are met, this section authorizes reinstatement of Native regional corporations, Native village corporations, Native urban corporations, and Native groups organized as corporations.[36]  However, it provides for reinstatement only within one year from June 29, 1994.  MNFP was not reinstated on or before June 30, 1995, so it could not have been reinstated pursuant to the second provision.

The third provision, AS 10.06.960(k), is more narrowly targeted.  It authorizes only the reinstatement of Native Village corporations.  It does not authorize the reinstatement of any other type of Native corporation.  Native groups organized as corporations, as well as Native regional corporations and Native urban corporations, fall outside the ambit of § 960(k).  As discussed above, MNFP was a Native group organized as a corporation, it was not a Native village corporation, so it could not have been reinstated pursuant to AS 10.06.960(k).

---

[34] *Id.*

[35] *Id.*

[36] AS 10.06.960(p)(2) defines "Native corporation" to incorporate the definition in ANCSA at 43 U.S.C. § 1602(m).

There being no statutory authority for the reinstatement of MNFP, the court must conclude that it was not reinstated. There having been no reinstatement, it appears to this court that the retroactivity question is moot.[37]

### E. Other Matters

This court invited briefing by the parties. The only matter in the briefing which merits comment beyond the discussion above is plaintiff's assertion that MNFP must have been incorporated as a Native village corporation, because as a Native group it could not have incorporated in 1975. In plaintiff's words: "There was no such thing as a group corporation when the Plaintiff incorporated in 1975. It is legally impossible for [MNI] to have been a group corporation in 1975. Besides Regional Corporations, the only entities that ANCSA created were Village Corporations."[38] The argument is without merit. To begin with it errs by suggesting that ANCSA created corporations. ANCSA contemplated, but did not by itself create corporations. Rather, it provided that to obtain certain benefits corporations were to be established under the laws of the State of Alaska.[39] Second, in 1971 when ANCSA was passed, Congress explicitly recognized that in order to obtain land conveyances, Native groups who did not qualify as Native villages, would have to organize as corporations under the laws of Alaska.[40] Third, under Alaska law the Native residents of Lake Minchumina were always free to form a corporation under Alaska law to pursue any lawful enterprise including seeking land from the federal government. They did just that in 1975, almost four years *after* Congress recognized that to obtain land conveyances a Native group would have to organize as a corporation under Alaska law.[41]

---

[37] It may be added that by its terms AS 10.06.960(k) is retroactive, but that is irrelevant on the facts here.

[38] Doc. 47 at p. 16.

[39] Pub. L. 92-203, § 7(d) (regional corporations) and § 8(a) (village corporations).

[40] Pub. Law 92-203, § 14(h)(2).

[41] ANCSA was approved on December 18, 1971. Publ L. 92-203, 85 Stat 688. NMFP was incorporated on November 6, 1975.

## IV.  CONCLUSION

For the reasons set out above, the court concludes that DOI is entitled to judgment as a matter of law that plaintiff lacks capacity to prosecute this action. The motion at docket 46 is **GRANTED,** and the motion at docket 47 is **DENIED**. The Clerk will please enter judgment that plaintiff take nothing from defendant.

DATED at Anchorage, Alaska, this13th day of July 2007.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE