Mark Andrews
General Counsel
Tanana Chiefs Conference
122 First Avenue  Ste 600
Fairbanks AK  99701
Phone: (907) 452-8251, extension 3177
Fax: (907) 459-3953
E-mail: mark.andrews@tananachiefs.org
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

MINCHUMINA NATIVES INC.

        Plaintiff,

    v.                      Case No.  4:04-cv-00027-CV (JWS)

UNITED STATES DEPARTMENT
OF THE INTERIOR,

        Defendant

_____/

### MEMORANDUM IN SUPPORT OF MOTION
### OF MINCHUMINA NATIVES, INC.
### TO ALTER OR AMEND JUDGMENT

       Plaintiff Minchumina Natives, Inc., asks this court to alter its Order and

Opinion (Document 57), and to uphold the capacity of Minchumina Natives, Inc., to

pursue its claims.

       <u>Procedure</u>.  The Judgment in A Civil Case has not been entered.  Plaintiff

corporation is filing under Rule 59 because of earlier motion practice.  The District

Court issued a dismissal order on December 30, 2004. Docket 9. Plaintiff filed a motion for reconsideration on or about January 5, 2005. The Department of the Interior answered that the motion for reconsideration was actually a motion to alter or amend under Civil Rule 59. Department motion, January 18, 2005.

<u>Argument</u>. The Court erred by finding that at Docket 44, the court dismissed both the for-profit and non-profit corporate entities. Document 57 at 4. The Department and the Plaintiff agreed that the for-profit entity was the only plaintiff. The procedural history supports that agreement.

The Joint Status Report states, in pertinent part:

> Moreover, paragraph 9 of the Complaint identifies MNI as the entity that filed the Native group application in 1976. In their Motion to Dismiss, Defendant used the term "Minchumina Natives, Inc." to refer to the Plaintiff and equated the Plaintiff with the for-profit entity that had been involuntarily dissolved in 1993. At the time Defendant filed the Motion to Dismiss, no attempt had been made to create the non-profit entity. Defendant's understanding when filing the Motion to Dismiss, was that "Minchumina Natives, Inc." was the for-profit entity that had been a party to the IBLA decision challenged in this action. The Plaintiff agrees with this understanding.
> Thus, the parties recommend that the court clarify that the Court dismissed the for-profit entity…
> ….
> The parties agree that the District Court should clarify that the non-profit is not a party to this case.

Document 42 at 4-5.

The court erred when it found that the Plaintiff "portrayed itself as both [the non-profit] and [the for-profit] in its complaint."  Document 57 at 4.  The nonprofit entity had not been organized at the time the Complaint was filed.  The nonprofit entity had not been organized at the time the Department filed its motion to dismiss, and the nonprofit has never attempted to enter the case.[1]

In the Order and Opinion, the Court held that "ANCSA contemplated, but did not by itself create corporations.  Rather, it provided that to obtain certain benefits corporations were to be established under the laws of the State of Alaska."  Document 57 at 8.  In support of this conclusion, the Court cited two sections of ANCSA.  Document 57 at 8, n. 39.

The sections cited by the Court authorize exactly two types of corporations, regional corporations and village corporations.  This is exactly the Plaintiff's point.  If the Plaintiff Corporation were to organize as anything at all in 1975, the Plaintiff had to organize either as a regional corporation or a village corporation.  There was no other authority.  And the Plaintiff is not a regional corporation.  Thus the Plaintiff was organized under the authority relating to village corporations.

---

[1]  The Order from Chambers (Document 42) addressed the same issue.  The court ruled that "the court dismissed plaintiff's claim believing plaintiff to be a nonprofit corporation."  The court then held that it had dismissed the complaint regardless of whether the Plaintiff was a for-profit or non-profit corporation.  The later Order and Opinion (Doc 57) ruled that the court had dismissed both entities.

The District Court noted that Native groups who did not qualify as Native villages "would have to organize as corporations under the laws of Alaska." Document 57 at 8, citing ANCSA §14(h)(2). This is undeniably correct, and does not affect Plaintiff's point. ANCSA 14(h)(2) did not give Native groups a third option for organizing. The ANCSA authority to organize a village corporation was the only authority available to this Plaintiff.

A motion to alter or amend is committed to the sound discretion of the District Court. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir. 2001). Plaintiff Minchumina Natives, Inc., asks the District Court to alter it Order and Opinion to rule in favor of the Plaintiff's capacity to sue.

Respectfully submitted this 18th day of July, 1007.

/s/ Mark Andrews
Tanana Chiefs Conference