**FILED**

**NOT FOR PUBLICATION**

AUG 29 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| MINCHUMINA NATIVES, INC., | No. 07-35811 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CV-04-00027-JWS |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | MEMORANDUM* |
| Defendant - Appellee. | |



Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 6, 2008
Anchorage, Alaska

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

Minchumina Natives, Inc. ("MNI") seeks land under the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. §§ 1601-1629h. MNI brought suit against the United States Department of the Interior ("DOI") requesting declaratory

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

relief. The district court dismissed the claim, holding that MNI lacks corporate capacity to sue. We affirm.

We recognize that the entity before this court is the current iteration of the for-profit corporation that was created in 1975. ANCSA provides that in order to claim land, an entity must be incorporated "under the laws of Alaska." 43 U.S.C. § 1613(h)(2). Here, the for-profit corporation was dissolved in 1993. At the time MNI applied for reinstatement in November 2005, it did not qualify for reinstatement under Alaska law. The plain language of Alaska Stat. § 10.06.960(k) limits its application to "Native village corporations" formed under ANCSA. MNI is not now and never has been a "Native village corporation" under § 10.06.960(k) or a "Village Corporation" under ANCSA because it does not have twenty-five or more members. *See* 43 U.S.C. §§ 1602(c), (j).

There is no indication that the Alaska legislature intended the term "Native village corporation" in § 10.06.960(k) to have a different meaning from its definition under ANCSA. The Alaska legislature has shown that it knows how to specify the types of Native corporations it intends to address. In subsection (i) of the same statute, the legislature used the umbrella term "Native corporation under the Act" to describe a separate reinstatement procedure. Alaska Stat. § 10.06.960(i). The statute also provides that "'Native corporation' has the meaning

2

given in 43 U.S.C. § 1602(m)." *Id.* § 10.06.960(p)(2). Section 1602(m) defines "Native Corporation" to include any Regional, Village, Urban, and Group Corporation. 43 U.S.C. § 1602(m). Accordingly, we can infer that the Alaska legislature was aware of the different types of corporations under ANCSA, and specified which of those corporations were eligible for reinstatement under Alaska Stat. § 10.06.960(k): village corporations.

MNI's argument that it qualifies for treatment as a "Village Corporation" because there was no definition for "Group Corporation" in the original version of ANCSA is unavailing. Native groups have always been free to form a corporation under Alaska law to pursue a land claim under ANCSA, even if they do not qualify as a village corporation. MNI has plainly never met the definition for treatment as a "Village Corporation."

In sum, Alaska law does not permit reinstatement in this instance. Administrative agencies "are creatures of statute and therefore must find within [a] statute the authority for the exercise of any power they claim." *McDaniel v. Cory*, 631 P.2d 82, 88 (Alaska 1981). The State agency acted outside of its statutory authority in reinstating MNI's corporate status, rendering invalid MNI's 2005 Certificate of Reinstatement. Therefore, MNI lacks the capacity to sue.

AFFIRMED.

3